# MorrisonCohen LLP

April 26, 2023

**Submitted via ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York  10007

>  Re:  Sterling Select II Advisory LLC v. Argus Information & Advisory Services,
>    LLC, and Argus Information and Advisory Services, Inc., No. 1:23-cv-02939-
>    JPC

Dear Judge Cronan:

Counsel for Plaintiff Sterling Select II Advisory LLC ("Plaintiff") and Defendants Argus Information & Advisory Services, LLC, and Argus Information and Advisory Services, Inc. ("Defendants") (together, "the Parties"), write this joint letter, pursuant to Rule 4.B.ii of Your Honor's Individual Rules and Practices in Civil Cases to seek leave to file: (1) a revised version of Plaintiff's redacted Complaint; and (2) an unredacted version of the Complaint under seal.

On March 8, 2023, Plaintiff filed its Complaint in the Supreme Court of the State of New York, New York County.  *See* Dkt. No. 1-1, Ex. A ("Compl.").  That same day, Plaintiff also filed an Order to Show Cause requesting permission to redact certain paragraphs in the Complaint and to file an unredacted version of the Complaint under seal.  *See* Dkt. No. 1, Exs. C–D.  While the Order to Show Cause was pending, Defendants filed their Notice of Removal on April 7, 2023, removing the action to this Court.  *See* Dkt. No. 1 ("Notice of Removal").

Following removal, and in accordance with Rule 4.B.i of the Court's Individual Rules and Practices in Civil Cases, the Parties conferred to narrow the scope of the proposed redactions to the Complaint.  Upon further review of the applicable law and the relevant materials, the Parties now seek to: (1) redact Plaintiff's Complaint in a more limited form, and (2) file the unredacted Complaint under seal.  The Parties are aligned with regards to the requested redactions.

## A.    BACKGROUND OF THE PARTIES' DISPUTE

This case arises out of disputes related to a series of contracts executed by the Parties.  As set forth in the Complaint, Plaintiff is a venture development and investment platform while Defendants provide proprietary insights and data into consumer purchaser behaviors.  Compl. ¶¶ 6, 12.  The Parties' business relationship began in 2016 when they executed a Business Development Agreement ("BDA") and a contemporaneous Statement of Work to potentially develop  data analytics products in the Sports & Entertainment ("S&E") Sector. *Id.* ¶¶ 17–18, 25.  Between 2016 and 2020, the Parties executed several additional Statements of Work in which they agreed to, among other things, further develop and commercialize an S&E product and to re-define the revenue share structure between the Parties. *Id.* ¶¶ 30–51. The agreements executed by the Parties contain confidentiality provisions to protect certain confidential information and

the parties agreed that confidentiality would be governed by a Confidentiality Agreement that limits Confidential Information, as that term is defined therein. *See id.* ¶¶ 17, 24.

### B. DETAILS REGARDING DEFENDANTS' TRADE SECRETS SHOULD BE REDACTED AND FILED UNDER SEAL

Here, information regarding the development and functionalities of the S&E product that is the subject of this action is proprietary. Accordingly, the Parties seek leave to redact paragraphs 25, 114, 116, and 145 of Plaintiff's Complaint because they reveal specific details regarding the functionality of the S&E product.

Although the Complaint is a "judicial document" to which a presumption of public access applies, *see Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006), that presumption must be balanced against countervailing factors, such as whether the materials at issue contain trade secrets or reveal commercially sensitive and proprietary information. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth. Ind.,* 347 F. App'x 615, 617 (2d Cir. 2009) (affirming that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" (citation omitted)). Indeed, the presumption of public access can be overcome when the disclosure of information would reveal trade secrets, confidential business strategy, financials, and other sensitive information that could place a party at a competitive disadvantage. *See GoSmile, Inc. v. Levine,* 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved." (citation omitted)).

A trade secret "is any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Encyclopedia Brown Prods. v. Home Box Office,* 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) (citation omitted). Courts in this district consider the following factors to determine whether information constitutes a trade secret:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; [and] (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*EarthWeb, Inc. v. Schlack,* 71 F. Supp. 2d 299, 314 (S.D.N.Y. 1999) (internal citations omitted).

The information contained in paragraphs 25, 114, 116, and 145 of Plaintiff's Complaint reveal commercially sensitive details about an S&E product that the Parties have spent significant time and resources developing. Information regarding this product is not readily known to competitors, not readily accessible to the general public, and the product itself is not easily duplicated. As such, the information contained in these paragraphs should be protected from unnecessary public disclosure. *See GoSmile,* 769 F. Supp. 2d at 649–50 (granting motion to seal documents containing "highly proprietary" trade secret information regarding "product development"). In addition, this request is narrowly tailored to apply only to the paragraphs that

the Parties believe are absolutely necessary to protect such information.  As such, this request is consistent with *Lugosch,* 435 F.3d at 120.

### C. DETAILS REGARDING THE PARTIES' CONFIDENTIAL, COMPETITIVELY SENSITIVE COMMERCIAL AND FINANCIAL INFORMATION SHOULD REMAIN UNDER SEAL

In addition, details relating to the Parties' respective confidential, competitively sensitive commercial and financial information should remain under seal.  Specifically, Paragraphs 26–27, 29–30, 35, 43, 45–46, 48, 51–53, 138, 145, 177, 180, 265, 269–270, and 309 of the Complaint include non-public, competitively sensitive commercial and financial information regarding strategy, compensation, and revenue share as between the Parties.  Public disclosure of this confidential information would irreparably harm the Parties in their future efforts to negotiate similar agreements or could be exploited by the Parties' competitors.  Accordingly, the interest in maintaining the confidentiality of this information outweighs the public interest in disclosure. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redacted filings where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (citation omitted)).

Because courts routinely grant motions to seal such sensitive business information to prevent injury to a party, and because the Parties seek only to seal information as is necessary, the Parties respectfully request the Court grant them leave to redact paragraphs 25–27, 29–30, 35, 43, 45–46, 48, 51–53, 114, 116, 138, 145, 177, 180, 265, 269–270, and 309 of the Complaint and to file an unredacted version of the Complaint under seal.

We are available at Your Honor's convenience if the Court requires any additional information.

Sincerely,

/s/ Eric Kuwana
Eric Kuwana
ALSTON & BIRD LLP
*Counsel for Defendants Argus Information*
*& Advisory Services, LLC, and Argus*
*Information and Advisory Services, Inc.*

/s/ *Edward P. Gilbert*
MORRISON COHEN LLP
*Counsel for Plaintiff Sterling Select II*
*Advisory LLC*

The Court has considered the parties' arguments in favor of continued sealing for portions of the Complaint in this matter under the standard articulated in *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006).  For the reasons stated in the parties' letter requesting sealing, Dkt. 15, the Court finds the requested continued sealing appropriate.  The parties may file the proposed partially redacted Complaint and the full unredacted Complaint under seal.  The Clerk of Court is respectfully directed to close the motion at Docket 15.

SO ORDERED.
Date: May 22, 2024
New York, New York

JOHN P. CRONAN
United States District Judge