UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                          :

STERLING SELECT II ADVISORY, LLC,          :

                         :

            Plaintiff,       :

                         :           23 Civ. 2939 (JPC)

       -v-                  :

                         :          OPINION AND ORDER

ARGUS INFORMATION & ADVISORY         :

SERVICES, LLC and ARGUS INFORMATION  :

& ADVISORY, INC,                :

                         :

            Defendants.    :

                         :

------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Congress's grant of power to hear suits between citizens of different states is a cornerstone of the civil justice system, guaranteeing a federal forum in significant interstate disputes. So when a party is accused of seeking to evade the reach of diversity jurisdiction through clever procedural maneuvering, a federal court must scrutinize its moves closely. Under that approach, a post-removal bid to add non-diverse parties to a case will not be allowed unless the request would serve the ends of fundamental fairness and justice.

        This case began in state court as a commercial dispute between two companies, Sterling Select II Advisory, LLC ("Select") and Argus Information & Advisory, Inc. ("Argus"), both of which appeared, based on the state court complaint, to be citizens of New York. So after Argus removed the suit to this Court based on diversity jurisdiction, Select unsurprisingly moved to remand on the ground that complete diversity of citizenship was lacking. But Argus opposed that motion and backed its opposition up with evidence suggesting that it was actually a citizen of Illinois and Delaware—not New York.

In response, Select asked the Court for permission to file an amended complaint, which would add five more defendants to this case. As to three of those proposed defendants, however, Select's request is mostly driven by a desire to escape the Court's diversity jurisdiction and is therefore improper. But at the same time, it is too early to consider whether the remaining claims it seeks to bring would be futile. Accordingly, the Court denies Select's motion to amend as to the three proposed non-diverse defendants and otherwise grants the motion.

## I. Background

Select filed this action in the New York State Supreme Court, New York County, on March 8, 2023, naming Argus as a Defendant.[1] Dkt. 1-1 ("Original Complaint" or "Compl."). Select's ten-count Original Complaint asserts claims against Argus for breach of contract (Counts One through Five), breach of the implied covenant of good faith and fair dealing (Count Six), gross negligence (Count Seven), fraudulent inducement (Counts Eight and Nine), and tortious interference with prospective business advantage (Count Ten). *Id.* ¶¶ 244-318. Select principally seeks millions of dollars in compensatory and punitive damages. *Id.* at 59-60.

In a nutshell, Select's Original Complaint alleges that Argus failed to live up to its obligations under a joint venture between the parties to develop and market consumer analytics software while simultaneously diverting business opportunities away from the venture and toward third parties with whom Argus had a more favorable relationship. *Id.* ¶¶ 1-2. Those third parties include The Nielsen Company (US), LLC ("Nielsen"), Commerce Signals, Inc. ("Commerce Signals"), and nRich Data, LLC, d/b/a Predict Analytics ("Predict"). *Id.*; *see also* PAC ¶ 1.

---

[1] Select also named Argus Information & Advisory Services, LLC ("Argus LLC") as a Defendant. But in December 2020, Argus LLC merged into Argus and therefore no longer existed as a separate entity at the time Select filed this action. Dkt. 41 ("Proposed Amended Complaint" or "PAC") ¶¶ 30-32.

Select's Original Complaint also alleges the involvement of Verisk Analytics, Inc. ("Verisk"), which owned Argus prior to April 2022, and TransUnion, Inc. ("TransUnion"), which acquired Argus from Verisk in April 2022. Compl. ¶ 11. But despite featuring prominently throughout its allegations, Select did not name Nielsen, Commerce Signals, Predict, Verisk, or TransUnion as Defendants in the Original Complaint. *See id.* ¶¶ 6-14.

On April 7, 2023, Argus removed Select's Original Complaint to federal court. Dkt. 1. Argus's removal petition sought to invoke the Court's diversity jurisdiction, alleging that Select is a citizen of New York and that Argus is a citizen of Delaware and Illinois. *Id.* ¶¶ 5-11; *see* 28 U.S.C. § 1332(a)(1). Select countered by moving to remand the case to state court on the ground that Argus was in fact a citizen of New York as well, thereby defeating complete diversity. Dkts. 12-13; *see also* Compl. ¶ 7 ("Upon information and belief, [Argus] was a New York limited liability company with its principal place of business in White Plains, New York."). Argus opposed that motion, Dkt. 17, and attached an affidavit from Craig LaChapelle, the Vice-President of Market Development, Card & Banking at TransUnion, Dkt. 18. In his affidavit, Mr. LaChapelle explained that as of the date the Original Complaint was filed, five of Argus's nine corporate officers were based in Chicago, Illinois, and that none of the remaining four officers were based in White Plains, New York, as Select maintained. *Id.* ¶¶ 4-7. Select filed a reply brief in support of its remand motion two weeks later. Dkt. 20.

On August 9, 2023, Select retained new counsel to represent it in this litigation. Dkt. 24. Then, on August 18, 2023, Select filed a pre-motion letter seeking leave to file an amended complaint. Dkt. 26. Select's letter highlighted that one of the entities that Select intended to join, Nielsen, was a citizen of New York. *Id.* at 1. Select explained that joining Nielsen would "destroy diversity under the complete diversity rule," necessitating a remand back to state court. *Id.* Select

insisted that joinder of Nielsen was proper under Federal Rule of Civil Procedure 20(a)(2) and would serve the interests of justice. *Id.* at 1-2. At a court conference held on May 22, 2024, the Court, with the agreement of the parties, denied the pending motion to remand without prejudice and set a briefing schedule for Select's anticipated motion to amend. *See* Dkt. 35; May 22, 2024 Minute Entry.

Select filed its motion for leave to amend on June 19, 2024, Dkts. 37, 38 ("Motion"). Select's Motion requests permission to file the Proposed Amended Complaint, which would add five new defendants: Nielsen, Commerce Signals, Predict, Verisk, and TransUnion. Motion at 2 & n.1.[2] If accepted, the Proposed Amended Complaint would allege that three of those proposed defendants—Nielsen, Commerce Signals, and Predict—are citizens of New York.[3] PAC ¶¶ 34-36. In addition to adding five new defendants, the Proposed Amended Complaint would add several new causes of action. *Id.* ¶¶ 274-408.

On July 19, 2024, Argus opposed Select's Motion on the ground that the proposed joinder of Nielsen, Commerce Signals, and Predict is an impermissible attempt to defeat diversity jurisdiction, and that Select's proposed claims against Verisk and TransUnion (as well as certain other proposed claims) are futile. Dkt. 43 ("Opposition"). Select filed a reply two weeks later. Dkt. 45 ("Reply").

---

[2] Citations to Select's Motion, which lacks its own pagination, are to the page numbers generated by the ECF filing system.

[3] The Court notes that, as drafted, the Proposed Amended Complaint fails to plausibly allege the citizenships of Nielsen and Predict, both LLCs, because it does not identify the respective citizenships of those entities' members. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited liability company . . . takes the citizenship of each of its members."). Nevertheless, the Court will assume for purposes of this Opinion and Order that Nielsen and Predict are both citizens of New York.

## II.  Legal Standard

Federal Rule of Civil Procedure 15 provides that a district court must "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this liberal standard, a motion to amend is generally denied only if the moving party has unduly delayed or acted in bad faith or with a dilatory motive, the opposing party will be unfairly prejudiced if leave is granted, the proposed amendment is futile, or prior amendments have repeatedly failed to cure pleading deficiencies.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  While Rule 15(a) generally governs motions to amend, when a proposed amendment would add new defendants, Rule 21 controls.  *Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 358 (S.D.N.Y. 2019).  Under that Rule, the Court may allow a party to be added or removed "at any time, on just terms."  Fed. R. Civ. P. 21.

## III.  Discussion

Select's Proposed Amended Complaint would add two categories of new defendants and a number of additional causes of action.  Argus opposes Select's request to add the first category of proposed defendants—Nielsen, Commerce Signals, and Predict—on the ground that adding these non-diverse entities would deprive the Court of subject matter jurisdiction.  Opposition at 6-14.  Argus also opposes Select's request to add Verisk and TransUnion on the ground that the Proposed Amended Complaint's claims against these proposed defendants are futile.  *Id.* at 14-18.  Argus further opposes, again on futility grounds, a number of new claims.  *Id.* at 18-24.  For the following reasons, the Court denies Select's Motion as to Nielsen, Commerce Signals, and Predict.  The Court, however, declines to determine whether the proposed claims against Verisk, TransUnion, and Argus are futile, and therefore grants Select's Motion as to those proposed claims.

**A.      Select's Request to Join Nielsen, Commerce Signals, and Predict**

When, following removal, a party seeks to add additional parties whose joinder would deprive the Court of subject matter jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "District courts in this Circuit, however, permit a joinder which destroys diversity only when consistent with principles of fundamental fairness as appraised using the following factors:  (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment."  *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739.1 (4th ed. 2024) ("[U]nder Section 1447(e), plaintiffs may deprive the federal court of jurisdiction by post-removal joinder of a non-diverse party, but only if the federal court permits this result by approving the joinder.").  Section 1447(e), in other words, reserves the decision whether to allow joinder of non-diverse parties to the district court's sound discretion.

The first factor, delay, concerns both length of the delay in seeking to join the non-diverse parties and the reasons for any such delay.  As measured from the date of removal (April 7, 2023) until the first action that Select took to effect the joinder of Nielsen, Commerce Signals, and Predict (its filing of a pre-motion letter on August 18, 2023, seeking leave to file a motion to amend), the delay in this case is approximately four-and-a-half months.  *See Jerido v. Uber Techs., Inc.*, No. 22 Civ. 2217 (KPF), 2022 WL 17986179, at *5 (S.D.N.Y. Dec. 29, 2022) (explaining that "delay is measured from the date of removal"); *Leifer v. JPMorgan Chase Bank, N.A.*, No. 18 Civ. 7477 (PGG), 2020 WL 1130727, at *5 (S.D.N.Y. Mar. 9, 2020) (relying on the filing of a pre-motion letter seeking joinder as the cut-off point for delay).  That delay is especially aggravating in this case because Select waited until after its motion to remand had been fully briefed before seeking

6

leave to join additional defendants, a move that further delayed the resolution of this case on the merits and resulted in the parties wasting resources by briefing the motion to remand.  And most importantly, Select provides no good reason why it waited this long to seek to join the proposed non-diverse parties:  the involvement of Nielsen, Commerce Signals, and Predict in Select's allegations is apparent on the face of the Original Complaint, and Select does not explain how any new evidence that it may have subsequently discovered was necessary to ethically name those parties as Defendants.[4]   Select's poorly explained delay of four-and-a-half months therefore weighs against joinder.  *See, e.g.*, *Edwards v. CVS Health Corp.*, 714 F. Supp. 3d 239, 249 (S.D.N.Y. 2024) (holding that an unjustified delay of less than three months weighed against joinder); *Deutchman v. Express Scripts, Inc.*, No. 07 Civ. 3539 (DLI), 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008) (finding that an unexplained delay of three months weighed against joinder); *Nazario*, 295 F. Supp. 2d at 363 (holding that an unexplained delay of approximately five months weighed against joinder); *see also Spicer v. Oak Leaf Outdoors, Inc.*, No. 20 Civ. 1618 (LEK), 2021 WL 5279631, at *2 (N.D.N.Y. Nov. 12, 2021) (observing that "delays over three months are often, but not always, found to disfavor granting joinder" by courts in this Circuit).

Select's arguments that this first factor favors joinder are unpersuasive.  Select points out that the Court granted it leave to move to amend by June 19, 2024, and asserts that "Argus cannot legitimately argue that Select delayed by complying with this Court's order."  Reply at 2-3.  But what matters is the time that elapsed between the date of removal and when Select filed its pre-motion letter seeking to leave to file this Motion, which, as explained above, is both significant

---

[4] Select's Motion does assert that "new information has come to light demonstrating that TransUnion exercised more control over Defendants than [Select] initially could have known." Motion at 10.  This assertion, even if credited, does not explain why Nielsen, Commerce Signals, and Predict could not have been joined earlier.

and badly explained.  And to the extent that Select argues that the Court should only consider the nine-day period between its retention of new counsel and its filing of the pre-motion letter, Select provides no authority for its suggestion that the period during which it was represented by its prior counsel cannot be attributed to it for purposes of assessing delay.  *See Nemaizer v. Baker*, 793 F.2d 58, 62-63 (2d Cir. 1986) ("[A]n attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary.").

Select also cites a number of cases holding that periods of delay as high as six months or more did not weigh against joinder in support of its view that "a delay of less than four-and-a-half months is not unreasonable."  Reply at 3 (citing *Hosein v. CDL W. 45th St., LLC*, No. 12 Civ. 6903 (LGS), 2013 WL 4780051, at *5 (S.D.N.Y. June 12, 2013); *Young v. Simon Ladder Towers, Inc.*, No. 96 Civ. 189 (JTE), 1996 WL 685753, at *2 (W.D.N.Y. Nov. 26, 1996)).  But in *Hosein*, the court emphasized that the length of the delay was adequately explained by one of the defendants' "resistance" to producing relevant evidence.  2013 WL 4780051, at *5.  And in *Young*, the court stressed that "very little activity" had occurred in the litigation to date.  1996 WL 685753, at *2. Here, by contrast, Select provides no detail as to the reasons for its delay or what new facts (if any) it uncovered that were required to join Nielsen, Commerce Signals, and Predict.  And as noted, Select also filed the instant Motion only after its motion to remand had already been fully briefed.

The second factor considers prejudice to the defendant.  Argus contends that allowing Select to add the three proposed non-diverse defendants will prejudice it by depriving it of its choice of forum, subjecting it to further delay, and impeding its ability to develop its defense. Opposition at 12.  The mere loss of a federal forum, however, is not by itself a cognizable form of prejudice, at least absent particularized circumstances indicating that the defendant could not

obtain a fair process in state court. *See Cooper v. Trs. of Coll. of Holy Cross*, No. 13 Civ. 8064 (KPF), 2014 WL 2738545, at *8 (S.D.N.Y. June 17, 2014) ("It is true that Defendants have an interest in defending this action in this forum, and that they properly removed this action, but these facts alone do not suffice."); *Hosein*, 2013 WL 4780051, at *5 (imposing a "very high standard" to find that a state court forum would be inhospitable to a defendant and noting the presumption that "a state court will operate efficiently and effectively" (citing *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 582 (2d Cir. 2011))); *Nazario*, 295 F. Supp. 2d at 364 (finding no prejudice based on the defendant's general interest in litigating in federal court). Argus also has not provided a convincing basis to conclude that any further delay created by granting Select's Motion would cause undue prejudice or prevent it from adequately developing its defense: despite Select's delay in bringing its Motion, this case is still at a relatively early stage, and apart from noting its desire to litigate in federal court, Argus has not explained how its defense strategy would be negatively impacted by granting the Motion. *See Grant v. Johnson & Johnson*, No. 17 Civ. 3356 (GBD), 2017 WL 6812035, at *3 (S.D.N.Y. Dec. 19, 2017) (explaining that when a "case is in its preliminary stages, and discovery has yet to take place," any prejudice caused will generally be minimal); *Durstenberg v. Electrolux Home Prods., Inc.*, No. 15 Civ. 9277 (CM), 2016 WL 750933, at *2 (S.D.N.Y. Feb. 23, 2016) ("Even if there *had* been discovery, that alone would not suffice to find prejudice, as long as Defendants would not be forced to revise or abandon their litigation strategy as a result."); *M.S.S. Constr. Corp. v. Century Sur. Co.*, No. 15 Civ. 2801 (ER), 2015 WL 6516861, at *7 (S.D.N.Y. Oct. 28, 2015) (finding no prejudice where the case was still in its preliminary stages and the defendant provided no evidence that joinder would adversely impact the development of its litigation strategy). Accordingly, any undue prejudice to Argus from granting Select's Motion would be minimal at worst.

The third factor considers any risk that denying joinder would spawn multiple overlapping litigations. Select represents—for the first time in its Reply brief—that it "will proceed with its claims against the non-diverse [defendants] in state court if it is denied the opportunity to add those defendants in this action." Reply at 5 (emphasis omitted). Courts have explained, however, that joinder is "not warranted where the predicament of having separate lawsuits [is] the result of [the plaintiff's] litigation missteps." *Linzy v. Uber Techs., Inc.*, No. 21 Civ. 5097 (ER) (SDA), 2022 WL 1556972, at *5 (S.D.N.Y. Apr. 14, 2022), *report and recommendation adopted*, 2022 WL 1558312 (S.D.N.Y. May 17, 2022); *see also Deutchman*, 2008 WL 3538593, at *4 (concluding that the risk of multiple litigation provided only "meager support" for joinder where that risk "easily could have been avoided had plaintiffs named [the proposed defendant] in their original state court complaint"). Here, "[a]ny risk of multiple litigation could have been eliminated by joining all defendants in the initial action filed in New York State Court against [Argus]." *Lebetkin v. Giray*, No. 18 Civ. 8170 (DLC), 2018 WL 5312907, at *3 (S.D.N.Y. Oct. 26, 2018). And given that this litigation is still in its early stages, and would in any event likely require discovery involving the three proposed non-diverse defendants given their role in Select's allegations against Argus, there would be "every opportunity to organize discovery across the two cases to achieve maximum efficiency" and avoid the usual drawbacks of having multiple litigations. *Kurtz v. Uber Techs., Inc.*, No. 21 Civ. 6188 (PAE), 2021 WL 4777973, at *5 (S.D.N.Y. Oct. 13, 2021) ("There is no reason why discovery into [common] areas cannot be coordinated so as to avoid duplication."). So although a single, consolidated action would of course be ideal, the risk of multiple litigations only weighs slightly in favor of joinder under the circumstances of this case.

The final factor, which considers the plaintiff's motive in seeking joinder of the non-diverse defendants, "is the most significant consideration in the fairness analysis." *Grant*, 2017

WL 6812035, at *3.  While a desire to have all of one's potential claims consolidated in one action "would be a permissible motive, a principal desire to destroy federal diversity jurisdiction is an impermissible motive." *Nazario*, 295 F. Supp. 2d at 364.  In assessing a plaintiff's motivation for joining non-diverse defendants, "courts typically look to the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse defendant." *Jerido*, 2022 WL 17986179, at *6 (internal quotation marks omitted); *see also Nazario*, 295 F. Supp. 2d at 365 (explaining that courts may "infer from plaintiff's litigation behavior" whether their motives are permissible or impermissible).

Even assuming that the Proposed Amended Complaint would state valid causes of action against Nielsen, Commerce Signals, and Predict, "[i]t is difficult to avoid the conclusion that [Select] seeks joinder principally in order to manipulate this Court's jurisdiction." *Rivera v. Robin*, No. 19 Civ. 9558 (JPO), 2020 WL 1644014, at *1 (S.D.N.Y. Apr. 2, 2020).  As noted, Select's Original Complaint is replete with allegations that implicate Nielsen, Commerce Signals, and Predict in Argus's alleged wrongdoing.  Thus, "[Select] no doubt [was] aware of [their] involvement in the facts giving rise to [Select's] alleged injuries, yet [it] chose not to name [them] as [defendants] until well after the case had been removed to federal court." *Deutchman*, 2008 WL 3538593, at *4.  Beyond unadorned references to a "strategic decision" and "further evaluation of the facts," Reply at 5, Select provides no good reason why it did not sue those entities in the first place.  *See McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 264 (E.D.N.Y. 2009) (denying joinder of non-diverse parties where the plaintiff failed to provide "any explanation . . . for why the added parties were not named when [the plaintiff] could easily have done so at the outset when filing his action in the state court" and had "not proffered any new evidence or changed circumstances that prompted his decision to join these additional parties");

*cf. Leifer*, 2020 WL 1130727, at *6 (explaining that "joinder may be allowed where . . . a plaintiff discovers new information, subsequent to filing [his] complaint, that warrants the addition of new parties").  And when Select finally sought leave to move to add the non-diverse defendants, its pre-motion letter said the quiet part loud:  "Significantly, one of the entities Plaintiff intends to join as a defendant, [Nielsen], is domiciled in New York.  As the Court is aware, the addition of at least one New York based entity will destroy diversity under the complete diversity rule."  Dkt. 26 at 1.  Indeed, the timing of Select's request—which closely followed the completion of briefing on its motion to remand and Argus's filing of an affidavit that undermined Select's contention that Argus was a citizen of New York—indicates that its primary purpose in seeking to join the non-diverse parties is to ensure that the Court lacks subject matter jurisdiction, a point that Select's pre-motion letter made clear:

> Plaintiff's pending motion for remand submits to the Court that diversity jurisdiction does not exist as is, and we believe that the addition of a New York entity will materially impact the pending motion for remand, rendering the arguments in support of this Court's retention of subject matter jurisdiction moot.

*Id.* at 3; *see Mraz v. JPMorgan Chase Bank, N.A.*, No. 17 Civ. 6380 (ILG), 2018 WL 2075427, at *7 (E.D.N.Y. May 3, 2018) (drawing inferences about the plaintiff's motivation for an amendment based on the "case chronology").  Select's counsel later confirmed on the record during the conference held on May 22, 2024, that its reason for seeking to add the non-diverse parties was to ensure the absence of complete diversity among the parties in light of the factual dispute concerning Argus's citizenship.  *See* Dkt. 46 at 4:10-24.  Under these circumstances, "[t]he inference is all but compelled that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction."  *McGee*, 684 F. Supp. 2d at 264.

In sum, the first and fourth factors weigh strongly against joinder while the second and third factors support joinder, albeit only modestly in the case of the third factor.  On balance, the

Court finds that allowing joinder of Nielsen, Commerce Signals, and Predict would not "serve the ends of fundamental fairness and justice which guide the § 1447(e) analysis." *Nazario*, 295 F. Supp. 2d at 366. Accordingly, Select's Motion is denied as to its request to plead claims against Nielsen, Commerce Signals, and Predict.[5]

**B.    Select's Requests to Join Verisk and TransUnion and to Plead Additional Claims**

Select's Proposed Amended Complaint would also join Verisk and TransUnion and assert a host of additional claims against those companies, as well as against Argus itself. Motion at 2; PAC ¶¶ 274-408. Argus opposes this portion of Select's Motion on the ground that each of the new claims proposed to be added, including all claims against Verisk and TransUnion, are futile. Opposition at 3.[6]

Although Rule 15(a) reflects a liberal approach to amended pleadings, it is well established that a court need not grant leave to plead "futile" causes of action—in other words, claims which "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (internal quotation marks omitted). An opposition to a motion for leave to amend, however, is "not . . . a substitute for a motion to dismiss or a motion

---

[5] Argus contends that denial of leave to amend with respect to the proposed claims against Nielsen, Commerce Signals, and Predict is independently required under Federal Rule of Civil Procedure 20(a)(2). Opposition at 7-8. Because the Court concludes that adding the proposed non-diverse defendants would in any event fail to serve the ends of fundamental fairness and justice, it is not necessary to determine whether joinder of these entities would also be precluded by Rule 20(a)(2).

[6] To the extent that Argus also argues that joinder of Verisk and TransUnion would violate Rule 20(a)(2), Opposition at 7-8, that argument is unpersuasive: several causes of action included in the Proposed Amended Complaint are asserted against each of Argus, Verisk, and TransUnion, and therefore involve legal and factual issues common to each of those three entities. *See* PAC ¶¶ 274-304, 320-25, 357-64. As just one example, the Proposed Amended Complaint's Second Cause of Action, asserted against each of those entities, involves the common question of whether Select's "Sponsorship Audience Measurement Index" was a protected trade secret. *See id.* ¶ 290; *see also* Opposition at 19-22 (arguing that the Proposed Amended Complaint fails to plausibly allege that Select possessed a trade secret).

for summary judgment." *Ahmad v. Day*, 647 F. Supp. 3d 272, 282 (S.D.N.Y. 2022). As a result, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that [the defendant's] arguments are better suited for consideration in the context of a motion to dismiss." *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20 Civ. 10699 (MKV), 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021) (internal quotation marks omitted).

For a few reasons, the Court will exercise its discretion to defer ruling on the merits of Select's new proposed claims until the motion to dismiss or summary judgment stage. First, considering Argus's futility arguments as to claims asserted against Verisk and TransUnion at this time would be inefficient: "[I]f this Court were to hold that the amendment is not clearly futile, the newly-added defendants could still move to dismiss which would result in this Court issuing two similar rulings, as well as the newly-added defendants potentially adjusting their arguments to adapt to how this Court ruled on the futility issue." *United States v. Riverside Med. Grp., P.C.*, No. 22 Civ. 4165 (SDW), 2024 WL 5182395, at *3 (D.N.J. Dec. 20, 2024). Second, many, if not most, of Argus's futility arguments implicate the core legal merits of Select's causes of action and the adequacy of its pleading, and are therefore "better suited for consideration in the context of a motion to dismiss" than on the relatively abbreviated briefing submitted in connection with Select's motion to amend. *Env't Sols. Assocs. Grp.*, 2021 WL 2075586, at *2; *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17 Civ. 3503 (SJB), 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the [proposed] claim."). Finally, Argus will suffer little prejudice from the Court's decision to defer consideration of the validity of Select's claims against it, given Argus's ability to move to dismiss

14

those claims. *See Biwen Liang*, 2018 WL 1401801, at *3 ("Defendants are in no worse position because they may assert any legal arguments in a motion to dismiss the [proposed] Amended Complaint. If amendment is indeed futile, granting leave to amend should have no prejudicial effect on defendants' legal position." (internal quotation marks omitted) (alteration adopted)).

Accordingly, "[t]he Court [] declines to consider whether [Select's] proposed amendments would be futile." *Pecou v. Bessemer Tr. Co.*, No. 22 Civ. 1019 (MKV), 2022 WL 3646210, at *2 (S.D.N.Y. Aug. 24, 2022). Because Argus does not develop any other arguments against this portion of Select's Motion, the Court grants the Motion as to Select's request to join Verisk and TransUnion and to plead its proposed additional causes of action against those Defendants and Argus.[7] Argus (and by extension Verisk and TransUnion) may, of course, reraise the futility arguments asserted in its Opposition by timely requesting leave to file a motion to dismiss.

---

[7] Argus's Opposition does assert that "the only reason [Select] seeks to add TransUnion and Verisk is to leverage public claims against publicly-traded companies on the sole basis that these entities are the current and former owners of Argus." Opposition at 3. The Court does not construe this language as presenting an argument distinct from futility.

### IV.  Conclusion

For these reasons, the Court grants Select's Motion in part and denies it in part.  On or before February 26, 2025, Select may file an amended complaint that joins Verisk and TransUnion and asserts the new claims contained in the Proposed Amended Complaint against those entities and against Argus.  Select may not join Nielsen, Commerce Signals, or Predict, or otherwise assert any claims against those entities.  The parties shall also file a joint letter on or before March 5, 2025, proposing next steps in this litigation.  The Clerk of Court is respectfully directed to terminate Docket Number 39.

SO ORDERED.

Dated: February 19, 2025
       New York, New York

JOHN P. CRONAN
United States District Judge

16