**SPIRO HARRISON & NELSON**

David B. Harrison, Esq.
dharrison@shnlegal.com

363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Direct Dial: (973) 232-4109

February 26, 2025

**VIA ECF AND EMAIL**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

> Re:  *Sterling Select II Advisory LLC v. Argus Information & Advisory Services, LLC, et al..,* **No. 1:23-cv-02939- JPC**

Dear Judge Cronan:

I write on behalf of Plaintiff Sterling Select II Advisory LLC ("Plaintiff") pursuant to Rule 4.B.ii of Your Honor's Individual Rules and Practices in Civil Cases to seek leave to file: (1) an unredacted version of the Amended Complaint ("Amended Complaint") under seal (Exhibit 1); and (2) a redacted version of the Amended Complaint (Exhibit 2). Defendants do not object to the redactions.

On April 26, 2023, the Parties filed a Joint Letter Motion to Seal an unredacted version of the initial Complaint addressed to Your Honor (the "Motion"). *See* ECF No. 15. The Motion was granted by the Court on May 22, 2024 pursuant to the standard articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *See* ECF No. 36. On February 19, 2025, the Court granted, in part, Plaintiff's motion for leave to file an Amended Complaint joining Verisk Analytics, Inc. ("Verisk") and TransUnion, Inc. ("TransUnion") as Defendants. *See* ECF No. 48.

A.  **Background of the Parties' Dispute**

This case arises out of disputes related to a series of contracts initially executed by Plaintiff and Defendants Argus Information & Advisory Services, LLC and Argus Information and Advisory Services, Inc. (together, "Argus"). Argus was one of the business entities that comprised Verisk Financial Services ("VFS"). Prior to April 2022, VFS was the financial services business unit of Defendant Verisk Analytics, Inc. ("Verisk") and was comprised of multiple entities including Argus. On April 18, 2022, Defendant TransUnion Intermediate Holdings, Inc. (f/k/a TransUnion Corp.) acquired VFS (and, consequently, Argus, Inc.) from Verisk. Argus, Verisk and TransUnion are collectively referred to as "Defendants."

As set forth in the Amended Complaint, Plaintiff is a venture development and investment platform. Defendants provide proprietary insights and data into consumer purchasing behaviors.

The Parties' business relationship began in 2016 when Plaintiff and Argus executed a Business Development Agreement ("BDA") and a contemporaneous Statement of Work to potentially develop data analytics products in the Sports & Entertainment ("S&E") Sector.  Between 2016 and 2020, they executed several additional Statements of Work in which they agreed to, among other things, further develop and commercialize an S&E product and to re-define the revenue share structure between them. The Parties' agreements contain confidentiality provisions to protect certain confidential information and the Parties agreed that confidentiality would be governed by a Confidentiality Agreement that limits Confidential Information, as that term is defined therein.

### B. Details Regarding Trade Secrets Should be Redacted and Filed Under Seal

Here, information regarding the development and functionalities of the S&E product that is the subject of this action is proprietary.  Accordingly, Plaintiff seeks leave to redact certain paragraphs of the Amended Complaint because they reveal specific details regarding the functionality of the S&E product.

Although the Complaint is a "judicial document" to which a presumption of public access applies, *see Lugosch*, 435 F.3d at 119, that presumption must be balanced against countervailing factors, such as whether the materials at issue contain trade secrets or reveal commercially sensitive and proprietary information.  *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth. Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" (citation omitted)).  Indeed, the presumption of public access can be overcome when the disclosure of information would reveal trade secrets, confidential business strategy, financials, and other sensitive information that could place a party at a competitive disadvantage.  *See GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved." (citation omitted)).

A trade secret "is any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) (citation omitted). Courts in this district consider the following factors to determine whether information constitutes a trade secret:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; [and] (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d 299, 314 (S.D.N.Y. 1999) (internal citations omitted).

The information contained in the Amended Complaint that Plaintiff seeks to redact reveals commercially sensitive details about an S&E product that the Parties have spent significant time and resources developing. Information regarding this product is not readily known to competitors, not readily accessible to the general public, and the product itself is not easily duplicated. As such, the information contained in these paragraphs should be protected from unnecessary public disclosure. *See GoSmile*, 769 F. Supp. 2d at 649–50 (granting motion to seal documents containing "highly proprietary" trade secret information regarding "product development"). In addition, this request is narrowly tailored to apply only to the paragraphs that the Parties believe are absolutely necessary to protect such information. As such, this request is consistent with *Lugosch*, 435 F.3d at 120.

C.  **Details Regarding the Parties' Confidential, Competitively Sensitive Commercial and Financial Information Should Remain Under Seal**

Details relating to the Parties' respective confidential, competitively sensitive commercial and financial information should remain under seal. The proposed redacted paragraphs of the Amended Complaint include, *inter alia*, non-public, competitively sensitive commercial and financial information regarding strategy, compensation, and revenue share as between the Parties. Public disclosure of this confidential information would irreparably harm the Parties in their future efforts to negotiate similar agreements or could be exploited by the Parties' competitors. Accordingly, the interest in maintaining the confidentiality of this information outweighs the public interest in disclosure. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp*., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redacted filings where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (citation omitted)).

Because courts routinely grant motions to seal such sensitive business information to prevent injury to a party, and because the Parties seek only to seal information as is necessary, the Parties respectfully request the Court grant them leave to redact the Amended Complaint and to file an unredacted version of the Complaint under seal.

We are available at Your Honor's convenience if the Court requires any additional information.

Respectfully submitted,

*/s/ David B. Harrison*

David B. Harrison

*Counsel for Plaintiff Sterling Select II Advisory LLC*

The Court has considered the parties' arguments in favor of sealing portions of the Amended Complaint under the standard articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). For the reasons stated in the parties' letter requesting sealing, Dkt. 53, the Court finds the requested sealing of the Amended Complaint appropriate. The parties may file the partially redacted Amended Complaint and file the full unredacted Amended Complaint under seal. The Clerk of Court is respectfully directed to close Docket Number 53.

SO ORDERED.
Date: February 27, 2025
New York, New York

                                                                                        _____
                                                                                        JOHN P. CRONAN
                                                                                        United States District Judge