UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
STERLING SELECT II ADVISORY, LLC,                                      :
                                                                       :
                              Plaintiff,                               :
                                                                       :
             -v-                                                       :    23 Civ. 2939 (JPC)
                                                                       :
ARGUS INFORMATION & ADVISORY                                           :    OPINION AND ORDER
SERVICES, LLC *et al.*,                                                :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On February 19, 2025, the Court issued an Opinion and Order that granted in part and denied in part Plaintiff Sterling Select II Advisory, LLC's ("Select") motion for leave to file an amended complaint joining five additional entities as defendants. *Sterling Select II Advisory, LLC v. Argus Info. & Advisory Servs., LLC*, No. 23 Civ. 2939 (JPC), 2025 WL 547795 (S.D.N.Y. Feb. 19, 2025). The Court allowed Select to join Defendants Verisk Analytics, Inc. and TransUnion Intermediate Holdings, Inc. ("TransUnion"), but denied Select's request as to three other, non-diverse entities, the joinder of which would have deprived the Court of subject matter jurisdiction: The Nielsen Company (US), LLC ("Nielsen"), Commerce Signals, Inc. ("Commerce Signals"), and nRich Data, LLC, d/b/a Predict Analytics ("Predict"). *Id.* at *8. As to those three entities, the Court held that under the four factors that courts in this Circuit consult when determining whether to allow jurisdiction-destroying joinder, joinder would not be consistent with principles of fundamental fairness. *Id.* at *3-6; *see Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). Specifically, the Court concluded that while considerations of prejudice and the likelihood of multiple litigation favored allowing joinder, Select's unexplained delay of approximately four-

and-a-half months combined with the fact that its primary reason for seeking joinder was to defeat diversity jurisdiction counseled against granting Select's motion as to the three non-diverse entities. *See Sterling Select II Advisory*, 2025 WL 547795, at *6.

On March 5, 2025, Select moved for reconsideration under Local Civil Rule 6.3 of the portion of the Court's Opinion denying the request to join Nielsen, Commerce Signals, and Predict. Dkts. 60, 61 ("Motion"), 62; *see* S.D.N.Y. Loc. Civ. R. 6.3.[1] Defendants Argus Information & Advisory Services, LLC, Argus Information and Advisory Services, Inc. ("Argus"), and TransUnion (collectively, the "Argus Defendants") opposed Select's reconsideration motion on March 19, 2025, Dkt. 68, and Select filed a reply brief the following week, Dkt. 72 ("Reply").

Local Civil Rule 6.3 instructs that, in seeking reconsideration of a court order denying a motion, the movant must "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Cohen v. Jamison*, No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (explaining that reconsideration is warranted if a movant demonstrates "that the Court overlooked controlling law or factual matters that had been previously put before it" (internal quotation marks omitted)). "The reason for the rule confining reconsideration to matters that were overlooked is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Schoolcraft v. City of New*

---

[1] Select also seeks reconsideration under Federal Rule of Civil Procedure 59(e). Motion at 1. But because there has been no "judgment" yet in this case, Rule 59(e) does not apply. Fed. R. Civ. P. 59(e).

*York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

Select primarily argues that the Court erred in finding that the principal purpose of its request to join Nielsen, Commerce Signals, and Predict—three entities that each would have destroyed subject matter jurisdiction—was to destroy subject matter jurisdiction. Motion at 5-7; Reply at 2-4. According to Select, the Court misread a portion of the transcript of the May 22, 2024 conference at which Select's counsel discussed the relationship between its contemplated motion for leave to amend and the earlier motion to remand that Select had filed. Motion at 6. In full, the relevant statement by Select's counsel reads:

> We had written a letter, as you noted, in August, reflecting our intention to amend the complaint. We thought at that time it probably mooted or at least partially mooted the pending motion, because we don't think there's any question that one of the parties we're seeking to add to the complaint is headquartered in New York. We recognize that there is, I guess, a dispute of fact as to whether or not certain officers of the defendant reside in New York or in Chicago, and in light of the fact that we intend to add a party, you know, we believe that there's no question that that party's headquartered in New York, it may just relieve the need for the Court to have to decide that motion. That was our intention of filing the letters in August in hopes of creating maybe a more efficient path to resolving this issue as opposed to having to go through motion practice and potentially oral argument . . . .

Dkt. 46 ("Tr.") at 4:10-25. Select suggests that the Court erred in interpreting this statement as an expression of intent to deprive the Court of subject matter jurisdiction by misreading the phrase "in light of the fact that we intend to add a party" as "in light of **that** ~~the~~ fact**,** ~~that~~ we intend to add a party." Motion at 7 (alterations added).

Not so. As the Court explained in its Opinion, the statement quoted above "confirmed" that Select's "reason for seeking to add the non-diverse parties was to ensure the absence of complete diversity among the parties in light of the factual dispute concerning Argus's

3

citizenship." *Sterling Select II Advisory*, 2025 WL 547795, at *6. That conclusion did not depend on changing a "the" to a "that" and altering the punctuation of the quote, but instead on the fact that according to Select's counsel, Select's "*intention* of filing the letters in August"—*i.e.*, Select's pre-motion letters seeking leave to amend, Dkts. 26, 29—was "in hopes of creating maybe a more efficient path to resolving this issue"—*i.e.*, the "dispute of fact" concerning whether there is an absence of diversity at the heart of Select's motion to remand. Tr. at 4:10-25 (emphasis added). As the Court's Opinion noted, Select's counsel's candid statement at the May 22 conference that the reason for seeking to add the three non-diverse parties was to ensure a lack of diversity in light of the factual dispute concerning Argus's citizenship (*i.e.*, "whether or not certain officers of the defendant reside in New York or in Chicago," *id.* at 4:16-17) is consistent with the explanation provided in Select's pre-motion letter:

> Plaintiff's pending motion for remand submits to the Court that diversity jurisdiction does not exist as is, and we believe that the addition of a New York entity will materially impact the pending motion for remand, rendering the arguments in support of this Court's retention of subject matter jurisdiction moot.

*Sterling Select II Advisory*, 2025 WL 547795, at *6 (quoting Dkt. 26 at 3). The Court's Opinion further emphasized the lack of any reasonable explanation for Select's failure to sue the three non-diverse entities in the first place and the suspect timing of its request to amend—only after the conclusion of briefing on Select's motion to remand, during which Argus provided evidence purporting to show that the parties were completely diverse. *Id.* at *5. For these reasons, Select's euphemistic characterization of its motion to amend as an effort to lighten the Court's and Defendants' workload by creating a "more efficient" process, Motion at 7; Tr. at 4:23, does nothing to undermine the Court's conclusion that the principal purpose of Select's request to join the three non-diverse entities was to ensure a lack of diversity among the parties. The Court therefore rejects

4

Select's contention that the Court erred in finding that the fourth discretionary factor weighed heavily against joinder of Nielsen, Commerce Signals, and Predict.

Next, Select unconvincingly argues that the Court overlooked "controlling decisions holding that a four month delay is not fatal to a plaintiff's motion to amend." Motion at 8 (capitalization altered). To begin, nothing in the Court's Opinion suggests that a four-month delay is "fatal" to a request for leave to amend. Instead, the Court explained that "the delay in this case [of] approximately four-and-a-half months" weighed against joinder of the non-diverse parties in light of Select's failure to present a reasonable explanation for waiting that long—and until *after* the conclusion of the parties' briefing on a motion to remand—to seek leave to amend. *Sterling Select II Advisory*, 2025 WL 547795, at *3-4. And Select does not cite a single controlling decision that the Court overlooked, only non-binding district court decisions that Select would have weighed differently in conducting the discretionary analysis under 28 U.S.C. § 1447(e).

In any event, Select does not identify any way in which the Court "misinterpreted" those decisions. Motion at 8. For instance, the Court accurately cited the district court's decision in *Edwards v. CVS Health Corp.* as an example of a case "holding that an unjustified delay of less than three months weighed against joinder." *Sterling Select II Advisory*, 2025 WL 547795, at *3 (citing 714 F. Supp. 3d 239, 249 (S.D.N.Y. 2024)). And contrary to Select's assertion that *Edwards* is "not analogous and materially distinguishable from the circumstances here," Motion at 8—*Edwards*'s analysis of the first discretionary factor (for which the Court cited the case) fits this case like hand and glove: like in this case, the plaintiff in *Edwards* inexplicably failed to name the non-diverse proposed parties as defendants in her state court pleadings despite those proposed parties being included in the body of her pleadings, failed to move for leave to add the non-diverse parties at the time of removal, waited to seek leave to amend until the end of briefing on another

5

pending motion that could have been avoided, and failed to articulate any newly learned facts that were required in order to ethically join the proposed new parties. *See Edwards*, 714 F. Supp. 3d at 249. So as to the first discretionary factor, this case aligns with *Edwards* in every way that matters. *See Sterling Select II Advisory*, 2025 WL 547795, at *3-4.

Select's assertion that the remaining cases cited by the Court in its analysis of the first factor actually favor joinder is similarly misguided. In *Deutchman v. Express Scripts, Inc.*, No. 07 Civ. 3539 (DLI), 2008 WL 3538593, at *3-4 (E.D.N.Y. Aug. 11, 2008) and *Nazario*, 295 F. Supp. 2d at 363-65, as here, the courts found that the lack of a reasonable explanation for the plaintiff's multiple-month delay in filing the motion to amend, coupled with indications that the motion was motivated by a desire to defeat subject matter jurisdiction, weighed against allowing joinder of the proposed non-diverse parties. And although Select is correct that the court in *Spicer v. Oak Leaf Outdoors, Inc.*—a case that the Court quoted solely for its observation that "'delays over three months are often, but not always, found to disfavor granting joinder'" by courts in this Circuit, *Sterling Select II Advisory*, 2025 WL 547795, at *3 (quoting No. 20 Civ. 1618 (LEK), 2021 WL 5279631, at *2 (N.D.N.Y. Nov. 12, 2021))—granted the plaintiff's motion to amend, that was so because there the plaintiff waited *only three weeks* to seek leave to amend and had begun preparing to file a motion for joinder even before removal. *Spicer*, 2021 WL 5279631, at *3-4. In sum, Select has not shown that the Court erred in applying these decisions, let alone committed error of the sort that would justify reconsideration.

Select also challenges the Court's finding that the first discretionary factor weighed against joinder on the ground that this conclusion "cannot be squared with the multiple acknowledgments in the Opinion . . . that the case is still at a relatively early stage." Motion at 10. But that logic is simply wrong: the fact that a case is in its preliminary stages for purposes of potential prejudice to

the defendant does not mean that the first discretionary factor, which assesses delay and the reasons therefor, must also favor joinder. *See, e.g.*, *Deutchman*, 2008 WL 3538593, at *3-4 (holding that while the plaintiff's poorly explained delay in seeking leave to amend weighed against allowing joinder, the lack of resulting prejudice to the defendants weighed in favor of joinder); *Nazario*, 295 F. Supp. 2d at 363-64 (same). This argument therefore presents no basis for reconsideration of the Court's Opinion.

Finally, Select contends that the Court "failed to address newly added facts to the Proposed Amended Complaint that weighed in favor of adding the claims and Proposed Defendants." Motion at 10-11 (citing Dkt. 40 ("PAC") ¶¶ 1, 25, 72-79, 128, 234, 239-240, 250). As an initial matter, Select could have cited these portions of the Proposed Amended Complaint in support of its motion to amend, but failed to do so, making its reliance on these facts improper for purposes of the instant motion.[2] *See Steinberg v. Elkman*, No. 15 Civ. 278 (LTS), 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) ("'[A] party may not advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration." (quoting *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001))); *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005) ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.").

In any event, the cited portions appear to be almost entirely based on facts either known to or readily ascertainable by Select at the time Select filed its original complaint, Dkt. 1-1

---

[2] In its motion to amend, Select vaguely alluded to the discovery of "new facts . . . demonstrating the firmness of Select's claims against" Nielsen, Commerce Signals, and Predict, Dkt. 38 at 2, but did not cite or describe any such facts in particular, much less explain why they were material to the decision to name the three non-diverse parties as defendants. *See Sterling Select II Advisory*, 2025 WL 547795, at *4.

7

("Compl."), and thus provide no support for Select's contention that newly discovered facts triggered its desire to amend. *Compare* PAC ¶¶ 1, 25, *with* Compl. ¶¶ 1-5, 208-210, 232-233; PAC ¶¶ 72-79, *with* Compl. ¶¶ 66-77, 227-230; PAC ¶ 128, *with* Compl. ¶ 137; PAC ¶ 234, *with* Compl. ¶ 207; PAC ¶¶ 239-240, *with* Compl. ¶¶ 212-213. Indeed, the only portion of the Proposed Amended Complaint cited in Select's reconsideration motion that clearly contains a newly discovered fact is Paragraph 250, which alleges that in January 2024, "Nielsen announced a collaboration with TransUnion, confirming the union between the companies, promoting the same products being developed by Select and Argus just a few years earlier." PAC ¶ 250. But Select does not explain how this alleged fact, which relates to an event that occurred in January 2024, sheds any light on the primary purpose of Select's request for leave to amend, which was first expressed five months earlier in August 2023. *See* Dkt. 26 (August 18, 2023 pre-motion letter seeking to file a motion for leave to amend). Select's contention that its request for leave to amend was principally motivated by newly discovered facts is therefore unpersuasive.

* * *

For these reasons, Select's motion for reconsideration is denied. Select's request for oral argument on the motion for reconsideration, Dkt. 62, is denied as moot. The Clerk of Court is respectfully directed to close Docket Number 60.

SO ORDERED.

Dated: July 15, 2025
      New York, New York

JOHN P. CRONAN
United States District Judge