UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STERLING SELECT II ADVISORY LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARGUS INFORMATION & ADVISORY SERVICES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 23-CV-2939<br><br>**CONFIDENTIALITY STIPULATION AND <u>PROTECTIVE ORDER</u>** |

**WHEREAS**, Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted; and

**WHEREAS**, the Plaintiff Sterling Select II Advisory LLC and Defendants Argus Information & Advisory Services, Inc. and Argus Information & Advisory Services, LLC (the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.  **Scope.** All material produced in discovery, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other material disclosed in discovery ("Discovery Material") shall be subject to this Protective Order.

2.  **"Confidential" Material.** Any party may designate Discovery Material as "Confidential" if, in good faith, the party believes that the material contains: (a) protected health

1

information; (b) information of a personal nature, including, but not limited to, personnel records, pay and benefits information, and Personally Identifying Information ("PII"), such as social security numbers, financial account numbers, passwords, and information that may be used for identity theft; (c) trade secrets or non-public proprietary or commercially sensitive business or financial information; or (d) information otherwise subject to confidential treatment under a statute or regulation or under Federal Rule of Civil Procedure 26(c).  Information that is publicly available shall not be considered Confidential Discovery Material.

3. **"Highly Confidential – Attorneys Eyes' Only" Material.**  Any party may designate Discovery Material as "Highly Confidential – Attorneys' Eyes Only" if, in good faith, the party believes that the material contains Confidential Discovery Material of such a highly sensitive nature, including proprietary financial, technical, or commercially sensitive competitive information, the disclosure of which to another party or non-party would create a significant risk of commercial or competitive harm, that it requires protection greater than what is provided in this Protective Order for materials designated Confidential.

4. **Depositions.** Portions of depositions shall be deemed Confidential or Highly Confidential – Attorneys' Eyes Only only if so designated when the deposition is taken or within fourteen business days after receipt of the transcript.  The confidentiality designation shall be specific as to the portions of the transcript to be protected.  During the first fourteen business days following receipt of a transcript, the entire transcript shall be treated as Highly Confidential – Attorneys' Eyes Only.

5. **Protection of Confidential and Highly Confidential – Attorneys' Eyes Only Discovery Material.** Discovery Material designated as Confidential or Highly Confidential –

Attorneys' Eyes Only will be held and used by the person receiving such information solely for use in connection with the action, including any appeals.

6. **Limitations on Disclosure of Confidential Material.** All Discovery Material designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party's counsel, including employees of such counsel assigned to and necessary to assist in the litigation;

    b. The officers, directors, and employees (including in-house counsel) of the requesting party to whom disclosure is reasonably necessary for this litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Court reporters engaged for depositions and, those persons, if any, engaged for the limited purpose of making photocopies of materials;

    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    f. Any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition, provided the witness first executes an Acknowledgement of Understanding and Agreement To Be Bound in the form attached here as Exhibit A;

    g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    h. Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

7. **Limitations on Disclosure of Highly Confidential – Attorneys' Eyes Only Material.** All Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person, except:

   a. The requesting party's counsel, including employees of such counsel assigned to and necessary to assist in the litigation;

   b. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   c. Court reporters engaged for depositions and, those persons, if any, engaged for the limited purpose of making photocopies of materials;

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   e. Any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition, provided the witness first executes an Acknowledgement of Understanding and Agreement To Be Bound in the form attached here as Exhibit A;

   f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

   g. Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

8. **Disclosure of Confidential and Highly Confidential – Attorneys' Eyes Only Discovery Material.** Prior to disclosing or displaying the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as Confidential or Highly Confidential – Attorneys' Eyes Only shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential – Attorneys' Eyes Only. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential – Attorneys' Eyes Only subject to all the terms of this Stipulation and Order.

10. **Challenges to Designations.** In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

11. **Admissibility.** Nothing in this Protective Order constitutes an admission by any party that Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the designated Discovery Material.

12. **PII.** Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection

expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

13.     **Inadvertent Production of Privileged or Otherwise Protected Material.** Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     **Filing Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Information.** Notwithstanding the designation of Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.  At least five business days prior to filing any material designated by another party as Confidential or Highly Confidential – Attorneys' Eyes Only, the filing party shall provide notice to the designating party of its intent to file such material, including the Bates numbers and/or deposition page and line numbers.  If the designating party does not consent to the public filing of

such material, the parties shall follow the applicable procedures to file such material under seal, if possible.

15. **Return of Discovery Material.** At the conclusion of litigation, Confidential and Highly Confidential – Attorneys' Eyes Only Discovery Material, and any copies thereof, shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. **Protected Discovery Material Required to be Disclosed by Law or Subpoenaed.** Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


SO ORDERED.
Date: September 23, 2025
New York, New York

JOHN P. CRONAN
United States District Judge