# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Eric Kuwana**          Direct Dial: **+1 212 210 9586**          Email: **eric.kuwana@alston.com**

*Submitted via ECF*

September 26, 2025

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *Sterling Select II Advisory LLC v. Argus Information & Advisory Services, LLC, et al.*, No. 1:23-cv-02939-JPC

Dear Judge Cronan,

  On behalf of Defendants Argus Information & Advisory Services, LLC ("Argus LLC"), Argus Information and Advisory Services, Inc. ("Argus, Inc.", and together with Argus LLC, "Argus"), and TransUnion Intermediate Holdings, Inc. ("TUIH") (together, the "Argus Defendants"), we write in response to Plaintiff Sterling Select II Advisory LLC's ("Plaintiff") September 23, 2025 Pre-Motion Letter (ECF No. 133) regarding its intent to yet again amend its operative complaint to add a different TransUnion entity. Plaintiff is requesting to be allowed to file a motion for leave to file a Second Amended Complaint by September 30, 2025, substituting TransUnion and Trans Union LLC for TUIH. This untimely and wasteful request should not be granted.

  TransUnion is a publicly traded company, and as such, information concerning its corporate structure is readily accessible to the public. For example, TransUnion's 2022 annual report refers to "the stock purchase agreement Trans Union LLC entered into with Verisk Analytics, Inc."[1] to acquire Argus. Based on that information alone, Plaintiff could have named Trans Union LLC as a defendant from the outset of this case. Frankly, a few simple Google searches would have provided this information. When Plaintiff later sought leave to amend to name a TransUnion entity, it inexplicably and voluntarily chose to name a different TransUnion entity—TUIH. Notably, even after the Argus Defendants explicitly informed Plaintiff that TUIH is a non-operating shell company during a teleconference

---

[1]   https://investors.transunion.com/~/media/Files/T/Transunion-IR-V2/annual-reports/2022/2022-annual-report.pdf at p. 140.

Alston & Bird LLP                                                                                                                        www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

September 26, 2025
Page 2

before the Court on April 16, 2025, Plaintiff did absolutely nothing with that information. Instead, Plaintiff sat on its hands and waited nearly *five months* to seek leave to amend.

The Court should not permit Plaintiff to file a motion for leave to amend, and any such motion should be denied, based on: (i) Plaintiff's undue delay in seeking leave to amend; (ii) the prejudice to the Argus Defendants that would be caused by affording Plaintiff the opportunity to do so now; and (iii) futility.

"Courts routinely deny leave to amend where the proposed amendments consist of allegations that could have been pled sooner, but a party inexcusably delays seeking amendment." *Zhongwei Zhou v. Dorothea Wu*, No. 14-cv-1775 (RJS), 2016 U.S. Dist. LEXIS 206229, at *10-11 (S.D.N.Y. June 9, 2016). Courts have found a period of just several months to constitute undue delay.[2] Plaintiff should have known from the outset that TUIH was not a target defendant – based on widely available public information. It easily could have used that information to identify Trans Union LLC. There have been at least six opportunities for Plaintiff to name Trans Union LLC in this case, and at each point in time, Plaintiff voluntarily declined to do so. It should not be allowed to do so now.

*First*, when Plaintiff originally commenced this litigation in state court, Plaintiff named only the Argus entities as defendants. Plaintiff knew at this time, and in fact alleged in its original Complaint, that "[o]n April 18, 2022, TransUnion, Inc. acquired VFS (and, consequently, Argus, Inc.) from Verisk." ECF No. 1-1 at ¶ 11. Although Plaintiff's only allegations and claims against TransUnion relate to its ownership and alleged control of Argus, Plaintiff chose not to assert any claims against any TransUnion entity in its original Complaint. *Second*, after removing the case, Argus filed a pre-motion letter on April 12, 2023 indicating its intent to file a partial motion to dismiss. ECF No. 6. Plaintiff's response did not indicate it intended to name any TransUnion entity. ECF No. 10.

*Third*, on April 26, 2023, Plaintiff filed a motion to remand that was largely based on its argument that Argus's principal place of business was New York. ECF No. 14. In support of its opposition, Argus submitted an affidavit from a TransUnion employee, stating that as a result of changes following TransUnion's acquisition of Argus, "the nexus of corporate decision-making, direction, and control for Argus, Inc. occurs in Chicago, Illinois," where TransUnion maintained its corporate headquarters. ECF No. 18. Plaintiff nevertheless chose not to seek leave to name any TransUnion entity as a defendant, until after the remand motion was fully briefed. *Fourth*, on August 18, 2023, after retaining new counsel, Plaintiff filed a pre-motion letter concerning its intent to seek leave to amend its Complaint to join TransUnion Corp. (now known as TUIH) as a defendant. ECF No. 26.

---

[2] *See Meyer v. First Franklin Loan Servs., Inc.*, No. 5:08-CV-1332 (GTS/GHL), 2010 U.S. Dist. LEXIS 4248, at *2-3 (N.D.N.Y. Jan. 19, 2010) (finding "undue delay" because plaintiff sought leave to amend just over six months from when he was placed on notice); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201 (2d Cir. 2007) (affirming denial of leave to amend where plaintiffs "became aware of the need to consider a possible claim" over seven months prior to seeking amendment); *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 & n.4 (S.D.N.Y. 2012) (denying leave to amend where party inexcusably waited "to act on information that was clearly in its possession some 10 months earlier").

September 26, 2025
Page 3

Based on TransUnion's 2022 annual report, it is unclear why Plaintiff named TUIH rather than Trans Union LLC. But, doing so was Plaintiff's voluntary choice.

*Fifth*, after the parties fully briefed Plaintiff's motion for leave to amend, Plaintiff's motion for reconsideration of the court's ruling on the motion for leave to amend, and Plaintiff's renewed motion to remand, the parties appeared before the Court for a teleconference on April 16, 2025. During the conference, we noted that "plaintiffs have named TransUnion Intermediate Holdings, which is a shell company for the purpose of the transaction" that "has no employees and no operations at all." ECF No. 87 at 6:23-7:3. Even after explicitly being put on notice of its defective pleading, Plaintiff proceeded to file its opposition to the Argus Defendants' motion to dismiss on June 18, 2025, without indicating it intended to seek leave to add Trans Union LLC as a defendant. *Sixth*, on June 30, 2025, TUIH served responses to Plaintiff's Frist Set of Requests for Production which reiterated that "TUIH is a holding company that does not have any employees or operations, and possesses no documents responsive" to Plaintiff's requests.

Plaintiff's request is untimely. The deadline for Plaintiff to seek leave to amend or to join additional parties was September 15, 2025. ECF No. 124. Plaintiff waited until the last possible day, September 15, to file its improper motion for leave to substitute Trans Union LLC and TransUnion for TUIH. That motion, which was not based on a pre-motion letter, was rejected by the Court. Plaintiff then again inexplicably waited another week to file the pre-motion letter. Filing the pre-motion letter a week later on September 22, 2025, is simply untimely. Further, there is no question Plaintiff was on actual notice that TUIH was a non-operating entity as a result of the April 16, 2025 teleconference. Plaintiff's failure to immediately seek leave to amend at that time constitutes undue delay.

If Plaintiff is afforded the opportunity to file second motion for leave to amend, the Argus Defendants will be forced to expend additional resources not only opposing the motion, but potentially filing a new motion to dismiss. Moreover, Plaintiff's amendment would be futile for all of the reasons set forth in the Argus Defendants' motion to dismiss the claims against TUIH—namely, that those claims would be based solely on TransUnion and Trans Union LLC's alleged ownership and control of Argus, as opposed to any specific conduct by the TransUnion entities.[3] Nor can Plaintiff allege that any TransUnion entity was a party to the agreements between Plaintiff and Argus that Plaintiff claims were breached. *See* ECF No. 94 at 11-14.

Finally, we note that Plaintiff failed to propose a briefing schedule in its pre-motion letter, as required under Rule 6 of the Court's Individual Rules and Practices. We defer to the Court as to whether the parties should submit a proposed briefing schedule.

---

[3] Contrary to Plaintiff's argument that the Argus Defendants lack standing to assert claims of futility, "courts routinely entertain arguments by current parties that an amendment adding new parties would prejudice them by delaying the litigation or causing them to incur costs". *Gary Friedrich Enters., LLC v. Marvel Enters.*, Inc., No. 08 Civ. 1533 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 30685, at *9 (S.D.N.Y. Mar. 22, 2011).

September 26, 2025
Page 4

Respectfully submitted,

*/s/ Eric Kuwana*

Eric Kuwana

Plaintiff shall file its proposed Motion to Amend by October 10, 2025. Defendants shall file their response to the motion by October 24, 2025. Plaintiff shall file any reply by October 31, 2025. For the reasons already recognized by this Court, *see* Dkt. 56, and as articulated in the parties' letter requesting sealing, Dkt. 126, the Court finds the requested sealing of the proposed Amended Complaint appropriate. With its motion, Plaintiff may file the partially redacted proposed Amended Complaint and file the full unredacted proposed Amended Complaint under seal. The Clerk of Court is respectfully directed to close Docket Number 126.

SO ORDERED.
Date: October 2, 2025
New York, New York

JOHN P. CRONAN
United States District Judge