```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
STERLING SELECT II ADVISORY LLC,                                       :
                                                                       :
                               Plaintiff,                              :
                                                                       :        23 Civ. 2939 (JPC)
                -v-                                                    :
                                                                       :              ORDER
ARGUS INFORMATION AND ADVISORY                                         :
SERVICES, INC. et al.,                                                 :
                                                                       :
                               Defendants.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On October 7, 2025, Plaintiff moved to compel Defendants Argus Information & Advisory Services, LLC and Argus Information & Advisory Services, Inc. (together, "Argus") to produce two categories of documents and information. Dkt. 136 ("Motion"). Argus, for its part, opposes the motion, arguing that Plaintiff's discovery requests are irrelevant and unduly burdensome. Dkt. 137 ("Opposition"). For the reasons that follow, Plaintiff's motion is denied.

## I. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *Stollman v. Williams*, No. 20 Civ. 8937 (JPC), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (citation omitted). But while "relevance, for purposes of discovery, is an extremely broad concept," neither is it "unlimited." *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2023 WL 3090950, at *3 (S.D.N.Y. Apr. 26, 2023) (internal quotation marks omitted). And even when discovery is relevant, courts should still "consider[] the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  A court thus "has the discretion to deny discovery requests if it determines that the burden or expense of the proposed discovery outweighs its likely benefit." *Lockton Partners, LLC v. Stone Point Capital LLC*, No. 25 Misc. 102 (JPC), 2025 WL 1699254, at *2 (S.D.N.Y. May 29, 2025) (internal quotation marks omitted); *see also GMO Gamecenter USA, Inc. v. Whinstone US, Inc.*, No. 22 Civ. 5974 (JPC), 2024 WL 4815671, at *4 (S.D.N.Y. Nov. 18, 2024) ("[C]ourts are encouraged to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." (internal quotation marks omitted)).

Motions to compel discovery are governed by a "two-step analytical framework." *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017 WL 3055098, at *2 (S.D.N.Y. July 18, 2017).  "First, the moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant."  *Id.*  And second, "once relevance has been shown, it is up to the responding party to justify curtailing discovery."  *Id.* (citation modified).

## II. Discussion

The Court assumes familiarity with this case's background.  There are two categories of information at issue.  First, Plaintiff requests information from January 1, 2016, through the present, Motion at 1-2, while Argus will produce information only through 2022, Opposition at 1-2. According to Argus, production through "to the present is overbroad, unduly burdensome, and not proportional to the needs of the case," as "the Complaint does not include any allegations concerning conduct by Argus after 2022."  Opposition, Exh. A ("Argus Responses") at 9.  The

Court agrees with Argus. As Argus explains, "Plaintiff's allegations concern contracts that expired by their express terms in 2020" and the loss of "business opportunities between 2017 and 2022." Opposition at 1; *see also* Dkt. 54 ("Am. Compl.") ¶¶ 145 (explaining that the relevant Statement of Work "came to an end on December 31, 2020"), 230 (explaining that "as a result of Argus' wrongful actions," Plaintiff's business "relationship completely broke down" between "March 28, 2021 and September 30, 2021"). While Plaintiff points to allegations that Argus signed a non-disclosure agreement ("NDA") whose provisions "survive the termination" of the parties' business relationship, Motion at 2; Am. Compl. ¶¶ 276, 288, Argus persuasively points out that Plaintiff "has not alleged any conduct by Argus after 2022 constituting a breach of the NDA or misuse of trade secrets," Opposition at 3. The Court thus finds that the blanket production of information after 2022 is irrelevant and, alternatively, unduly burdensome to the needs of the case. *See, e.g.*, *Barkley v. Olympia Mortg. Co.*, No. 04 Civ. 875 (RJD) (KAM), 2008 WL 11434464, at *3-4 (E.D.N.Y. July 21, 2008) (denying motion to compel where "the burdensome and invasive post-transaction financial documents are of marginal relevance"). Should Plaintiff have a more targeted request for specific information after 2022, and should Argus object to producing such information, Plaintiff may renew its motion to compel as to that narrower request. *Cf. Da Silva v. N.Y.C. Transit Auth.*, No. 17 Civ. 4550 (FB) (VMS), 2022 WL 17572673, at *1 (E.D.N.Y. Dec. 9, 2022) ("Defendants' use of post-incident documents does not open up discovery as to all of Defendants' post-incident documents, but only to those that are relevant to the anticipated defense.").

Second, Plaintiff "seeks all documents and Communications concerning Nielsen." Motion at 3 (citation modified). While Argus has agreed to produce responsive documents "to the extent related to the specific opportunities with Nielsen alleged in the Complaint," it objects to the production of all Nielsen-related documents as "overly broad and unduly burdensome." Argus

3

Responses at 18; *see also* Opposition at 1 (objecting to the production of "*every* document that merely references Nielsen, a long-standing business partner of Argus, regardless of relevance or connection to the claims at issue"). The Court again agrees with Argus. To be sure, the "Amended Complaint contains allegations about Argus' relationship with Nielsen and how Argus improperly shared confidential information with Nielsen," Motion at 3 (citing Am. Compl. ¶¶ 239-248)—allegations on which Argus has committed to producing discovery, Opposition at 3. But as for the "remaining documents" implicating Nielsen, Motion at 3, they do "not relate" to the allegations in the Amended Complaint "and are therefore not relevant," *Brunckhorst*, 2023 WL 3090950, at *6 (emphasis omitted). Because not all of Argus's documents involving Nielsen "would be relevant to the claims or defenses of the parties in this case," Plaintiff's "request is overly broad" and unduly burdensome. *Id.* Once again, if Plaintiff has a narrower Nielsen-specific request to which Argus objects, Plaintiff may file a motion to compel for that particular request.

### III. Conclusion

For the above reasons, Plaintiff's motion to compel is denied. The Clerk of Court is respectfully directed to close the motion at Docket Number 136.

SO ORDERED.

Dated: October 15, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

4