# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Eric Kuwana**                     Direct Dial: **+1 212 210 9586**                     Email: **eric.kuwana@alston.com**

*Submitted via ECF*

February 20, 2026

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:     *Sterling Select II Advisory LLC v. Argus Information & Advisory Services, LLC, et al.*, No. 1:23-cv-02939-JPC

Dear Judge Cronan,

On behalf of Defendant Argus,[1] we write in response to Plaintiff's February 17, 2026 Letter (ECF No. 156, the "Letter Motion"), which is yet another unnecessary filing to compel Argus to provide additional discovery responses, specifically to provide supplemental answers to eight interrogatories (the "Interrogatories"). This unfortunately is a pattern, given that Plaintiff recently filed a second motion to compel, almost identical to its first motion to compel broad discovery relating to Nielsen, requiring Argus to oppose two motions on the same subject - both motions were denied in their entirety by the Court.

As a preliminary matter, Plaintiff did not comply with its obligation under Rule 5(C) of Your Honor's Individual Rules to meet and confer. At around 3:30 p.m. on February 17, during a previously scheduled call on a completely different subject, Plaintiff indicated its intent to move to compel that evening, notwithstanding Argus's offer to meet and confer two days later. Two hours later, to provide information in good faith, Argus sent written responses to each of the points raised in Plaintiff's email, and stated very clearly that most of Argus's responses were *complete* and that it had no additional responsive information to provide. Ex. A. As to a limited number of the Interrogatories, Argus explained that the requests were too vague and/or overly broad as drafted, but that Argus was willing to discuss to understand what information specifically was sought. Plaintiff did not respond to that email or attempt to narrow its interrogatories. Instead, Plaintiff filed the Letter Motion late that evening, notably without attaching or explaining these communications. Plaintiff seems to want to hide the actual timeline and events.

---

[1] Capitalized terms have the meanings in Plaintiff's Letter Motion.

Alston & Bird LLP                                                                                      www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

February 20, 2026
Page 2

The timeline is important here. In its February 6 responses, Argus noted Plaintiff's failure to enclose an "Appendix A" referenced in the interrogatories, making it impossible to reference that document in its answer, as Plaintiff requested. Notwithstanding the February 17 fact discovery deadline, Plaintiff did not follow up on Argus's responses until late in the evening on February 12th, when it acknowledged it "inadvertently omitted" Appendix A from its interrogatories—served almost 6 weeks earlier—and requested to meet and confer. Ex. B. Argus asked that Plaintiff at least specify the interrogatory responses and alleged deficiencies Plaintiff wanted to discuss, which Plaintiff refused to do until the afternoon of February 17. Argus immediately responded that it would be prepared and available to meet and confer on those issues two days later. Ex. C. Rather than an orderly discussion to avoid involving the Court, Plaintiff threatened a motion to compel during an unrelated discussion and then filed the motion to compel that same day.

Argus responds to Plaintiff's scattershot points regarding each Interrogatory below.

Plaintiff contends that Argus limited its response to Interrogatory No. 2[2] to contracts that were entered, as opposed to "Business Opportunities." Not true. Argus's response states that it "did not pursue any *business* with Nielsen concerning SAMI, the Nielsen Impact Score, or NIS Pro." *See* ECF No. 156-2 at 15 (emphasis added). Those are the only products or opportunities involving Nielsen referenced in Plaintiff's First Amended Complaint. The Court previously found in denying one of Plaintiff's prior motions to compel that requests for discovery into Argus's relationship with Nielsen must be narrowly tailored to the allegations in the Complaint. *See* ECF No. 142. To the extent Plaintiff *again* seeks information regarding every business, every contract, every opportunity relating to Nielsen, the Interrogatory is improper, inconsistent with the Court's prior order, and in any event, it is impossible for Argus to answer such a broad and ambiguous request.[3] And, this is Plaintiff again jousting at made-up windmills that have no basis in fact or reality. Plaintiff is just unhappy its false themes are being proven wrong.

Interrogatory No. 3 requested information concerning all "Business Opportunities Argus entered into," which Argus reasonably interpreted as contracts that were "entered into." Argus provided the requested information as to the two contracts responsive to this Interrogatory – both of which Plaintiff is fully aware of as it received revenue from Argus under those contracts in accordance with the parties' revenue share arrangements. To the extent Plaintiff is requesting the names of the "persons" who were "involved" with those opportunities, Argus does not have knowledge of all such persons, but the parties have produced all relevant documents with the counterparties to those contracts, and the names of the individuals involved can be determined from those documents. *See* Fed. R. Civ. P.

---

[2] The Letter Motion misquotes Interrogatory No. 2 and seems to be quoting and referring to Interrogatory No. 3. It is therefore unclear what issues Plaintiff is raising as to No. 2.

[3] To the extent Interrogatory No. 2 seeks information regarding TransUnion's relationship with Nielsen, such information is not within Argus's possession, custody or control. Moreover, TransUnion is not a party to this case and discovery is stayed as to TUIH.

February 20, 2026
Page 3

33(d).  Argus has no additional information to provide in response to Interrogatory No. 4 because the only business opportunities Argus "entered into" in connection with its relationship with Plaintiff were the two identified in response to Interrogatory No. 3.[4]

Interrogatory No. 5 is simply impossible to answer.  Argus is a data analytics company.  The Interrogatory therefore seeks information regarding revenue Argus has generated from a wide range of customers or clients that have nothing to do with the allegations in the Complaint.  Plaintiff makes no attempt to narrow this Interrogatory, explain exactly what information it is asking for, or why it is relevant.  With respect to Interrogatory No. 6, the only revenue Argus generated from any "source solicited or introduced by Select" is identified in response to Interrogatory No. 3.  Plaintiff does not articulate the relevance of Interrogatory No. 9, which is vague and ambiguous.  Argus agreed to produce a Rule 30(b)(6) witness to testify generally on this topic on February 24.  To the extent Plaintiff has specific relevant questions that are not answered during that deposition, Argus is willing to meet and confer on whether a supplemental interrogatory response can be provided to answer any remaining questions.

Plaintiff contends Argus only answered Interrogatory No. 10 as to opportunities involving SAMI, and not other opportunities "relating to any sports-sponsor or sponsorship related product or technology."  Plaintiff claims in paragraphs 287-292 of its First Amended Complaint that "SAMI is a trade secret of Select" that was misappropriated by Argus.  While this is facially wrong and wholly inconsistent with the parties' contracts, the important point here is that SAMI is the *only* purported trade secret at issue.  For clarity, in its February 17 email (Ex. C), Argus explained that "[w]e aren't aware of any other similar product that went by a different name that would change our answer to this or any other interrogatory."  Plaintiff seems unable to accept that discovery has shown that Argus never launched SAMI or any similar product in 2022 or thereafter.  Put simply, it was put on the proverbial shelf and Argus never derived any revenue or contracts from SAMI or any similar product, at any point in time.

For these reasons, the Letter Motion should be denied, and costs and fees should be awarded to Argus.[5]

---

[4] To the extent Plaintiff seeks information regarding every business Argus has pursued involving data analytics products in various sectors, Interrogatory No. 4 is facially overbroad given that Argus is a data analytics company.  Moreover, there is no allegation or claim that Plaintiff and Argus had any exclusivity agreement that precluded Argus from developing or marketing data analytics products in any particular industry.

[5] Separately, Plaintiff outright refused to provide any answer to *seven* of Argus's interrogatories.  *See* Ex. D.  Argus is evaluating whether a motion to compel on any of those interrogatories will be necessary, including based on the information Argus obtains from the upcoming Rule 30(b)(6) deposition of Plaintiff on February 27.  Argus reserves the right to submit a letter motion on these issues, if necessary.

February 20, 2026
Page 4

Respectfully submitted,

*/s/ Eric Kuwana*
Eric Kuwana

Plaintiff's motion to compel, Dkt. 156, is denied without prejudice. The parties are "reminded of their obligations to confer 'in good faith' in 'an effort to resolve any disputes without court action' under Federal Rule 26(c)(1) and to 'cooperate' in 'all phases of the discovery process' under Local Civil Rule 26.4(a), as the Court believes that most if not all of the issues raised in th[e] motion could . . . be[] resolved through a more robust (and good-faith) meet-and-confer process." *Acosta v. N.Y. Times Co.*, No. 25 Civ. 1119 (JPC), 2025 WL 3250875, at *7 (S.D.N.Y. Nov. 21, 2025) (citation modified); *see also* 5(c) of this Court's Individual Rules and Practices in Civil Cases. Plaintiff may file another motion should that meet and confer fail to resolve all of the identified issues. The Clerk of Court is respectfully directed to close Docket Number 156.

SO ORDERED.
Date: February 24, 2026
New York, New York

JOHN P. CRONAN
United States District Judge