SPIRO
HARRISON
& NELSON

**David B. Harrison, Esq.**
dharrison@shnlegal.com

363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Direct Dial: (973) 232-4109

March 13, 2026

**VIA NYSCEF AND EMAIL**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

> **Re:**   *Sterling Select II Advisory LLC v. Argus Information & Advisory Services, LLC, et al.*, **Civil Action No. No. 1:23-cv-02939- JPC**

Dear Judge Cronan:

I write on behalf of Plaintiff in the above-captioned matter seeking to propose redactions to the Court's March 6, 2026 Opinion and Order. On March 12, 2026, Plaintiff sent proposed redactions to Defendants. On March 13, 2026 Plaintiff sent a draft joint letter to Defendants again requesting consent on the proposed redactions. Because Plaintiff has not received consent or objection from either Defendant, Plaintiff now files this letter independently requesting that the Court redact certain parts of the March 6, 2026 Opinion and Order.

### A.      Background of the Parties' Dispute

This case arises out of disputes related to a series of contracts executed by Plaintiff and Argus Information & Advisory Services, LLC and Argus Information and Advisory Services, Inc. (together, the "Parties"). As set forth in the Amended Complaint, Plaintiff is a venture development and investment platform. Defendants provide proprietary insights and data into consumer purchaser behaviors. The Parties' business relationship began in 2016 when they executed a Business Development Agreement ("BDA") and a contemporaneous Statement of Work to potentially develop data analytics products in the Sports & Entertainment ("S&E") Sector. Between 2016 and 2020, the Parties executed several additional Statements of Work in which they agreed to, among other things, further develop and commercialize an S&E product and to re-define the revenue share structure between the Parties. The agreements executed by the Parties contain confidentiality provisions to protect certain confidential information and the Parties agreed that confidentiality would be governed by a Confidentiality Agreement that limits Confidential Information, as that term is defined therein.

**David B. Harrison, Esq.**
dharrison@shnlegal.com

SPIRO
HARRISON
& NELSON

363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Direct Dial: (973) 232-4109

**B.    Details Regarding Defendants' Trade Secrets Should be Redacted and Filed Under Seal**

Here, information regarding the development and functionalities of the S&E product that is the subject of this action is proprietary.  Accordingly, Plaintiff seeks to redact certain paragraphs of the March 6, 2026 Opinion and Order because they reveal specific details regarding the functionality of the S&E product.

Although there is a presumption of public access to judicial documents, *see Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), that presumption must be balanced against countervailing factors, such as whether the materials at issue contain trade secrets or reveal commercially sensitive and proprietary information. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth. Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.") (citation omitted)). Indeed, the presumption of public access can be overcome when the disclosure of information would reveal trade secrets, confidential business strategy, financials, and other sensitive information that could place a party at a competitive disadvantage.  *See GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved." (citation omitted)).

A trade secret "is any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) (citation omitted). Courts in this district consider the following factors to determine whether information constitutes a trade secret:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; [and] (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d 299, 314 (S.D.N.Y. 1999) (internal citations omitted).

The information contained in the March 6, 2026 Opinion and Order that Plaintiff seeks to redact reveals commercially sensitive details about an S&E product that the Parties have spent significant time and resources developing. Information regarding this product is not readily known to competitors, not readily accessible to the general public, and the product itself is not easily duplicated.



**David B. Harrison, Esq.**
dharrison@shnlegal.com

363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Direct Dial: (973) 232-4109

As such, the information contained in these paragraphs should be protected from unnecessary public disclosure. *See GoSmile*, 769 F. Supp. 2d at 649–50 (granting motion to seal documents containing "highly proprietary" trade secret information regarding "product development"). In addition, this request is narrowly tailored to apply only to the paragraphs that Plaintiff believes are absolutely necessary to protect such information. As such, this request is consistent with *Lugosch*, 435 F.3d at 120.

**C.      Details Regarding the Parties' Confidential, Competitively Sensitive Commercial and Financial Information Should Remain Under Seal**

Details relating to the Parties' respective confidential, competitively sensitive commercial and financial information should remain under seal. The proposed redacted portions of the March 6, 2026 Opinion and Order include, *inter alia*, non-public, competitively sensitive commercial and financial information regarding strategy, compensation, and revenue share as between the Parties. Public disclosure of this confidential information would irreparably harm the Parties in their future efforts to negotiate similar agreements or could be exploited by the Parties' competitors. Accordingly, the interest in maintaining the confidentiality of this information outweighs the public interest in disclosure. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redacted filings where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (citation omitted)).

Because courts routinely grant motions to seal such sensitive business information to prevent injury to a party, and because Plaintiff seeks only to seal information as is necessary, Plaintiff respectfully requests the Court grant them leave to redact the March 6, 2026 Opinion and Order and to file an unredacted version under seal.

We are available at Your Honor's convenience if the Court requires any additional information.

For the reasons expressed in Plaintiff's letter, and as previously recognized by this Court, *see* Dkts. 36, 56, 135, the Court will file a redacted version of its March 6, 2026 Opinion and Order as proposed by Plaintiff. The Clerk of Court is respectfully directed to close Docket Number 159.

Respectfully Submitted,

*/s/ David B. Harrison*
David B. Harrison

SO ORDERED.
Date: March 16, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

*Counsel for Plaintiff Sterling Select II Advisory LLC*

cc:      All Counsel of Record (via ECF)