SPIRO
HARRISON
& NELSON

**David B. Harrison, Esq.**
dharrison@shnlegal.com

40 Exchange Place, Suite 1100
New York, NY 10005
Direct Dial: (973) 232-4109

March 20, 2026

**VIA ECF AND EMAIL**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

> Re:    ***Sterling Select II Advisory LLC v. Argus Information & Advisory Services, Inc., et al.*, Civil Action No. 1:23-cv-02939-JPC**

Dear Judge Cronan:

I write on behalf of Plaintiff Sterling Select II Advisory LLC ("Select" or "Plaintiff") pursuant to Rule 4.B.ii of Your Honor's Individual Rules and Practices in Civil Cases to seek leave to file a copy of Plaintiff's Expert Report by Bruce Weiner under seal as Exhibit A in support of Plaintiff's Motion for Reconsideration. The report contain sensitive confidential information relating to trade secrets at issue in this case and cites directly to documents which have been previously marked as confidential or highly confidential.

### A.  Background

This case arises out of disputes related to a series of contracts executed by Plaintiff and Defendants Argus Information & Advisory Services, LLC and Argus Information and Advisory Services, Inc. ("Argus") (together, the "Parties"). As set forth in the Amended Complaint, Plaintiff is a venture development and investment platform. Defendants provide proprietary insights and data into consumer purchaser behaviors. The Parties' business relationship began in 2016 when they executed a Business Development Agreement ("BDA") and a contemporaneous Statement of Work to potentially develop data analytics products in the Sports & Entertainment ("S&E") Sector. In the Amended Complaint, Select claims, among other things, that Argus improperly used and disclosed Select's confidential information and underlying data, including by sharing it with The Nielsen Company (US), LLC ("Nielsen"), in breach of a non-disclosure agreement between Argus and Select.

On March 6, 2026, Plaintiff served on Defendants an expert report by Bruce Weiner. This report provides a detailed examination of whether SAMI constitutes a concrete, commercially meaningful proprietary methodology. This report is also highly relevant to Plaintiff's Motion for Reconsideration given that one of the claims Plaintiff has respectfully requested the Court reconsider is the dismissed misappropriation of trade secrets claim.

1

SHN\981298.1

**B.  Documents Attached To Plaintiff's Letter-Motion Should Be Filed Under Seal**

On September 23, 2025, this Court entered two Orders approving a Confidentiality Stipulation and Protective Order ("Protective Order") and Stipulation and Order for the Production and Exchange of Electronically Stored Information ("ESI Protocol"). ECF Nos. 131 & 132. Under the Protective Order, the parties are permitted to designate discovery material as "Confidential". Material marked "Confidential" are not permitted to be disclosed to any person except for limited exceptions. Similarly, the ESI Protocol recognizes that a producing party may designate produced material as confidential.

Plaintiff seeks permission to attach to its memorandum of law in support of its Motion for Reconsideration Bruce Weiner's expert report. This report discusses and cites specific documents produced in discovery which have been marked as confidential or highly confidential by the parties. Further, this report discusses, in great detail, the trade secret at issue in this case, SAMI. The communications and discussions referenced in this report, as well as Bruce Weiner's analysis, is highly relevant to Plaintiff's Motion for Reconsideration. Nevertheless, the Protective Order and ESI Protocol bar their disclosure unless it is to one of the identified exceptions set forth in paragraph 6 of the Protective Order. One such exception is the Court.

Although there is a presumption of public access to judicial documents, *see Lugosh v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006), that presumption must be balances against countervailing factors, such as whether the materials at issue contain trade secrets or reveal commercially sensitive and proprietary information. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth. Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" (citation omitted)). Indeed, the presumption of public access can be overcome when the disclosure of information would reveal trade secrets, confidential business strategy, financials, and other sensitive information that could place a party at a competitive disadvantage. *See GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011). The information Plaintiffs seeks to file under seal are confidential details regarding the innerworkings of SAMI, including its methodology and development. Information regarding this product, such as specific allegations in the Amended Complaint, is not readily accessible to the general public and has previously been redacted from filings with this Court. This request is also narrowly tailored to apply only to the report which has been identified as Confidential. As such, this request is consistent with *Lugosh*, 435 F. 3d at 120.

Because this report is highly relevant to Plaintiff's Motion for Reconsideration, and because Plaintiff seeks only to seal information as is necessary, Plaintiff respectfully requests this Court permit filing the report under seal.

Thank you for Your Honor's courteous attention to this matter.

Respectfully submitted,

*/s/ David B. Harrison*

David B. Harrison


By March 27, 2026, Plaintiff shall clarify whether it intends to file the Expert Report at issue entirely under seal or merely redact portions of it.  If the former, Plaintiff shall explain why wholesale sealing is required under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny.  If the latter, Plaintiff shall follow the procedures for redacted documents as outlined in Section 4.B of this Court's Individual Rules and Practices in Civil Cases.

SO ORDERED.
Date: March 25, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

3

SHN\981298.1