UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STERLING SELECT II ADVISORY, LLC,

Plaintiff,

-v-

ARGUS INFORMATION AND ADVISORY SERVICES, INC., *et al.*,

Defendants.

---

23 Civ. 2939 (JPC)

OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

Defendant Verisk Analytics, Inc. ("Verisk") has asked the Court to reconsider its July 22, 2026 Opinion and Order. *See Sterling Select II Advisory, LLC v. Argus Info. & Advisory Servs., Inc.*, No. 23 Civ. 2939 (JPC), 2026 WL 2199730 (S.D.N.Y. July 30, 2026) ("July Order"). In that Order, the Court concluded that (i) New York law determines whether Plaintiff Sterling Select II Advisory, LLC ("Select") brought its claims in a timely fashion and (ii) under New York law, "the statutes of limitations [for Select's claims] were tolled when Select filed its proposed amended complaint . . . on June 20, 2024." *Id.* at *6. Verisk contests that date: while Verisk agrees that "New York state law controls," it argues that Select never proposed a summons and that "the statute of limitations is tolled [only] upon Plaintiff's filing of *both* a proposed amended complaint *and* a proposed summons." Dkt. 212 ("Verisk Motion") at 1. Verisk therefore contends that Select slept on its rights, failed to toll the statute of limitations, and only interposed its claims when Verisk waived the need to receive a summons on March 11, 2025. *Id.*

For the reasons below, the Court grants Verisk's motion and sets March 11, 2025 as the date when Select finally interposed its claims against Verisk for limitations purposes. While Verisk should have presented its new argument sooner—and indeed admits that it "was incorrect" in suggesting a

different date to the Court, Dkt. 216 ("Verisk Reply") at 5—the Court overlooks that failure so as to accurately apply New York law. By October 28, 2026, the parties shall submit letters specifying precisely which claims, if any, are barred with the March 11, 2025 date in mind.

## I. Background

The Court assumes the parties' familiarity with this case's background, which is set forth in greater detail in the Court's July Order, *Sterling Select II Advisory*, 2026 WL 2199730, at *1-2, and its March 6, 2026 Opinion and Order, *see Sterling Select II Advisory, LLC v. Argus Info. & Advisory Servs., Inc.*, No. 23 Civ. 2939 (JPC), 2026 WL 734047, at *1-7 (S.D.N.Y. Mar. 6, 2026) ("March Order"). As relevant here, on August 18, 2023, Select indicated that it would move to amend its complaint to "join additional parties" (without identifying Verisk). Dkt. 26. On June 20, 2024, Select moved to amend its complaint and attached a proposed new complaint adding Verisk as a defendant. Dkt. 39. The Court granted that motion in part on February 19, 2025, Dkt. 48, and on February 26, 2025, Select filed its Amended Complaint, Dkt. 54. At no point, however, did Select request the issuance of a summons for Verisk. Instead, it asked Verisk to waive service of the summons, which Verisk did on March 11, 2025. Dkt. 66.

On May 6, 2025, Verisk moved to dismiss the Amended Complaint. Dkt. 90. Verisk argues that (i) the Court lacks personal jurisdiction over it; (ii) Select fails to state any claims against it; and (iii) most of Select's claims are time-barred. Dkt. 91 at 1. On March 6, 2026, the Court issued the March Order, which "stay[ed] Verisk's motion to dismiss for lack of personal jurisdiction pending jurisdictional discovery" and ordered the parties to brief whether the Court could reach any of Verisk's other grounds for dismissal without first resolving the personal-jurisdiction issue. *Sterling Select II Advisory,* 2026 WL 734047, at *24.[1]

[1] The March Order also "resolved a flurry of [other] motions filed by the parties." *Sterling Select II Advisory*, 2026 WL 2199730, at *1.

After the parties filed their letters addressing that question, Dkts. 171, 173, the Court granted in part Verisk's "motion to dismiss on permissible non-jurisdictional grounds," *Sterling Select II Advisory*, 2026 WL 2199730, at *1-2. Based on this limited set of defenses—*i.e.*, "'facial challenge[s] to the underlying cause of action' made by both Verisk and a party 'over whom the court indisputably ha[d] personal jurisdiction,'" *id.* at *6 (quoting *Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012) (brackets omitted))—the Court dismissed Counts Four, Twelve, and Fifteen. *Id.* at *7.

The Court did not, however, decide whether Verisk's remaining arguments challenging the *timeliness* of Select's claims would prevail. Instead, the Court concluded that neither party had correctly set the dates for the statute-of-limitations analysis. While Verisk urged the Court to use February 26, 2025—when Select filed its Amended Complaint—as the date on which the statutory clock finally stopped, Select asked the Court to look to August 18, 2023, when Select first sought leave to move to amend the complaint. *Id.* at *5. Finding that "[b]oth parties [were] wrong," the Court instead set the correct date as June 27, 2024, based on when Select first filed its *proposed* amended complaint against Verisk. *Id.* at *5-6.[2] The Court therefore ordered the parties to "submit their views on how" that date of June 27, 2024 would "affect[] their statutes-of-limitations arguments." *Id.* at *7.[3]

The parties responded with letters analyzing the various claims barred by the statute of limitations based on the June 27, 2024 date, *see* Dkts. 209, 211; Verisk, however, simultaneously

[2] The Court found that Select tolled the statute of limitations by filing its proposed amended complaint, along with its motion to amend, on June 20, 2024. *Sterling Select II Advisory*, 2026 WL 2199730, at *6. But the Court added seven days to that date because, after the Court granted its motion to amend on February 19, 2025, Select waited for a week to actually file its Amended Complaint. *Id.* In other words, Select paused the statutory clock while the Court was considering its proposed motion, the clock then resumed after the Court granted that motion, and Select then stopped the clock for good when it filed the Amended Complaint.

[3] Meanwhile, the question of whether the Court has personal jurisdiction over Verisk with respect to the remaining claims continues to loom over this case. The Court has scheduled an evidentiary hearing on this issue for November 9, 2026. *See* Dkt. 208.

moved for reconsideration of the July Order, now contending for the first time that the correct date when Select interposed its claims is March 11, 2025, Dkts 210, 212. On August 12, 2026, Select opposed that motion, Dkt. 215 ("Select Opposition"), and on August 19, 2026, Verisk replied in further support, Dkt. 216.

## II. Discussion

Verisk contends that the Court erred in tolling the statute of limitations beginning on June 27, 2024, because that date reflects when Select filed only its proposed amended complaint (plus seven days, *see supra* n.2), but *not* a proposed summons. Verisk Motion at 1. As discussed below, the Court agrees. Under New York law, the correct date when Select interposed its claims against Verisk for limitations purposes is March 11, 2025, not June 27, 2024.

### A. Legal Standard

A court may grant a motion for reconsideration when the movant identifies "a clear error" in a prior decision. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (explaining that a court may grant reconsideration when "the moving party can point to . . . matters" that "might reasonably be expected to alter the conclusion reached by the court"). When requesting reconsideration, litigants in this District must "set[] forth concisely the matters or controlling decisions [that] the moving party believes the Court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3.

### B. Analysis

A plaintiff seeking to avoid the statute of limitations under New York law must "interpose[]" its claims before the deadline slips by. N.Y. C.P.L.R. § 203(a). And a "claim is deemed to be interposed . . . [only] when the *summons and complaint* are 'filed' with the clerk of the court." *Enos v. City of Rochester*, 619 N.Y.S.2d 459, 460 (4th Dep't 1994) (emphasis added). The summons is an essential ingredient—an "action is commenced by filing a summons and complaint," N.Y. C.P.L.R.

§ 304(a), and "a 'filing' that commences an action [thus] requires a summons," *Goldenberg v. Westchester Cnty. Health Care Corp.*, 946 N.E.2d 717, 718 (N.Y. 2011). *Cf. Cuccia v. H.M. Weiner & Assocs.*, 650 N.Y.S.2d 168, 168 (1st Dep't 1996) ("The failure to serve a summons with the complaint . . . is a jurisdictional defect requiring dismissal of the action.").

The same rule holds true when a case has already begun and a plaintiff seeks to add a claim against a new party. In that situation, "[a] claim is interposed [for limitations purposes] when the plaintiff files a supplemental summons and amended complaint with the court, accompanied by proof of service." *Long v. Sowande*, 810 N.Y.S.2d 195, 197 (1st Dep't 2006). But plaintiffs seeking to add new parties to an already-commenced case may do so only "by leave of court," N.Y. C.P.L.R. § 1003—a requirement that creates a potential wrinkle because it means that the statute of limitations might conceivably run while the plaintiff is "await[ing] judicial permission" to amend its complaint. *Perez v. Paramount Commc'ns, Inc.*, 709 N.E.2d 83, 85 (N.Y. 1999).

To avoid the possible unfairness that might result if "the timeliness of a claim depend[ed] upon the speed with which a court decide[d] a motion," *id.* at 86, New York tolling doctrine puts proposed amended claims on ice, tolling the statute of limitations "from the time the plaintiff files a motion for leave to add a new defendant until the court decides the motion, *provided that a copy of the proposed supplemental summons and amended complaint is annexed to the motion*," *Long*, 810 N.Y.S.2d at 197 (emphasis added). In other words, a plaintiff may freeze the clock while the court formally decides whether to let it add a new party—but only by filing (proposed) copies of the papers that would be necessary to formally "interpose" its amended claims if the court grants the motion to amend. *See Perez*, 709 N.E.2d at 85 (explaining that the limitations period is tolled "[w]here the motion, including the proposed supplemental summons and amended complaint, is filed with the court within the applicable limitations period"); *Battle v. Brookhaven Nursing Home*, 776 N.Y.S.2d 495, 495 (2d Dep't 2004) (same); *Kelley v. Schneck*, 964 N.Y.S.2d 301, 305 (3d Dep't 2013) ("When

a plaintiff is approaching the expiration of the statute of limitations and needs judicial leave to properly add a party . . . the filing of a motion for leave to amend, together with the proposed supplemental summons and amended complaint, tolls the statute of limitations until the date of entry of the motion court's order").

As discussed in the July Order, New York tolling law governs this diversity action. *See Sterling Select II Advisory*, 2026 WL 2199730, at *6 ("[S]tate statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." (quoting *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990)). Select thus could toll its claims only by filing *both* "the proposed supplemental summons and amended complaint." *Kelley*, 964 N.Y.S.2d at 305; *see Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530, 532 (1949) (explaining that rules regarding summonses make up "an integral part of [a] state's statute of limitations"). But Select never filed a proposed supplemental summons, and its claims were thus never tolled. Rather, it formally interposed those claims, N.Y. C.P.L.R. § 203(a)—without ever having tolled them—only when Verisk waived service on March 11, 2025. *See* Dkt. 66 (waiver of summons); N.Y. C.P.L.R. § 312-a (allowing service of summons under New York law by "acknowledgement of receipt"); *cf. E. Sav. Bank, FSB v. Campbell*, 90 N.Y.S.3d 212, 215 (2d Dep't 2018) (explaining that parties may waive summonses-related objections).

Faced with this chain of reasoning, Select advances several unconvincing arguments. First, it contends that "federal motion practice" does not require parties to file proposed summonses, and that New York law thus "conflicts with federal rules, like Rule 4." Select Opposition at 3-4 (citing Fed. R. Civ. P. 4). Select is right that "when a Federal Rule of Civil Procedure is on point, . . . [it] displaces

contrary state law even if the state law would qualify as substantive." *Berk v. Choy*, 607 U.S. 187, 192 (2026). But New York's tolling rules do not conflict with federal law.[4]

As the Supreme Court has explained, federal rules will displace state law only if the two sources "answer the same question." *Id.* at 198. Here, federal and state law deal with different issues: Rule 4 dictates the *mechanics and form* of summonses, including their contents, Fed. R. Civ. P. 4(a)(1), and the procedures for issuing, amending, and serving them, *id.* 4(a)(2), (b)-(m). Meanwhile, New York law, as outlined above, determines *when* the New York statute of limitations is tolled. In other words, Rule 4 "govern[s] the *method* for requesting a summons and filing it"—not the *effects* of filing (or failing to file) such a summons. *Barnickle v. Mather Hosp.*, No. 24 Civ. 6953 (SJB), 2026 WL 279828, at *5 (E.D.N.Y. Feb. 3, 2026); *see Eades v. Clark Distrib. Co.*, 70 F.3d 441, 443 (6th Cir. 1995) (explaining that "Rule 4 is a . . . poor[] candidate . . . in the search for a direct conflict with state limitations law" because "[n]othing in the text of the rule relates in any way to the tolling of limitations statutes"). Federal and state law can thus coexist: a party may toll the New York statute of limitations by preparing and filing a proposed federal summons—compliant with Rule 4—along with its proposed amended complaint. *See* Fed. R. Civ. P. 4(b) ("[T]he plaintiff may present a summons to the clerk for signature and seal."); *see* "Summons in a Civil Action," Form AO 440, uscourts.gov/sites/default/files/ao440.pdf (revised June 2012) (summons form).[5]

For this reason, the Supreme Court has held that state tolling rules decide what procedures will suffice to pause a state's statutory clock in a diversity case. *See, e.g.*, *Ragan*, 337 U.S. at 531

[4] Tellingly, Select does not cite any actual provision of Rule 4 with which New York's tolling law supposedly clashes. *See* Select Opposition at 3-4.

[5] This process might create some electronic-filing awkwardness because parties generally request summonses forms from the Clerk of Court. *See* Select Opposition at 3 n.2 (discussing Electronic Case Files ("ECF") Training Materials). But nothing prevents a party from filing a proposed summons with its amended complaint; indeed, the ECF guidance instructs parties to fill out and "upload" the summons form, meaning that a party could easily attach that form as an exhibit to its proposed amended complaint. *See CM/ECF Civil Training: Complaints and Other Initiating*

(explaining that when state law "require[d] . . . service of [a] summons," the "statute of limitations was not tolled until [that] service"); *see Walker v. Armco Steel Corp.*, 446 U.S. 740, 748-51 (1980) (re-affirming *Ragan* and holding that Rule 4 did not conflict with state rules). That line of reasoning makes sense; after all, "[t]here is no indication that . . . Rule [4] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." *Walker*, 446 U.S. at 750-51 (footnote omitted).

Second, Select attempts to shield itself from this avalanche of caselaw with unconvincing (and nonbinding) authorities. Select relies primarily on a footnote in *Maloney v. McFarland Johnson, Inc.*, No. 04 Civ. 750E (SC), 2006 WL 2135788, (W.D.N.Y. July 28, 2006), a twenty-year-old case from the Western District of New York. *See* Select Opposition at 4 (citing *Maloney*, 2006 WL 2135788, at *8). But *Maloney* (i) expressly "reject[ed] plaintiffs' argument that federal law [should] be applied for purposes of tolling of the statute" and (ii) explained that tolling occurs under New York law "where [the] motion papers *include a copy of the proposed supplemental summons* and amended complaint." 2006 WL 2135788, at *8 & n.10 (emphasis added). And while *Maloney* then added, somewhat bizarrely, that a summons was not necessary because "[i]t is not the [usual] procedure in federal court to attach a summons," the court's one-sentence footnote neither analyzed the potential conflict between federal and state law nor provided any rationale supporting its conclusion. *Id.* at *8 n.11.[6]

Select's two other authorities fare no better. As Select concedes, in each of them the court found that a "motion for leave to amend" sufficed to toll the statute of limitations "*without reference*

---

*Documents: Amended Petition*, at 12, https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_training/07-Amended-Petition.pdf (revised Mar. 5, 2014).

[6] Furthermore, *Maloney* found that the statute of limitations was not tolled under *Perez*, and it instead relied on a separate New York tolling statute governing personal-injury actions. *Maloney*, 2006 WL 2135788, at *8.

to a proposed summons." Select Opposition at 4 (emphasis added) (citing *Genao v. Rivera*, No. 20 Civ. 10563 (GBD), 2024 WL 4307526, at *5 (S.D.N.Y. Sept. 26, 2024); *Chord Assocs., LLC v. Protech 2003-D, LLC*, No. 07 Civ. 5138 (JFB), 2010 WL 3780380, at *4 n.10 (E.D.N.Y. Sept. 21, 2010)). In other words, neither case analyzed this issue at all—perhaps because no party had brought it up. *Cf. Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 751-52 (2d Cir. 1992) (explaining that parties may waive statutes-of-limitations arguments). And the fact that prior district courts did not spontaneously detour into the deep wilderness of New York tolling procedure to address an unraised technical question hardly suggests that they intended to tacitly resolve that issue.

Third, relying on a bankruptcy case, Select vaguely points to "equitable" considerations. Select Opposition at 4 (citing *In re Waterscape Resort LLC*, 544 B.R. 507, 516-17 (Bankr. S.D.N.Y. 2016)). But Select's argument misses the mark: while Select correctly contends that "the timeliness of a claim" cannot "turn[] on how long the court takes to decide a motion," *id.* at 5, Select had every chance to unilaterally pause the clock here—it could have filed its proposed amended complaint *and* summons, and the time would have remained frozen no matter how long its motion to amend was pending.

Finally, Select contends that Verisk waived or forfeited its limitations theory by "failing to raise the argument sooner." Select Opposition at 6. This contention has some merit; Verisk certainly should have brought its concerns to the Court's attention sooner. Indeed, in its prior briefing, Verisk presented a different relevant date (February 26, 2025) based on a different theory (that the limitations period closed with the filing of the Amended Complaint). *See* Dkt. 91 at 2. And Verisk now expressly concedes that it unwittingly misled the Court and "was incorrect in setting th[e] date." Verisk Reply at 5. All the same, the Court has discretion to reach a forfeited argument so as to correctly apply the law. *See Am. Trucking Ass'ns, Inc. v. New York State Thruway Auth.*, 886 F.3d 238, 248 (2d Cir. 2018) ("[Plaintiff] concedes that . . . the District Court had discretion to reach the merits to correct a

clear error"); *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) ("[O]ur [forfeiture] doctrine is entirely prudential."). The Court therefore "exercises its discretion to excuse any" forfeiture here. *Olagues v. Perceptive Advisers LLC*, No. 15 Civ. 1190 (AJN), 2017 WL 3605511, at *5 (S.D.N.Y. July 26, 2017) (discussing motion for reconsideration), *aff'd sub nom. Olagues v. Perceptive Advisors LLC*, 902 F.3d 121 (2d Cir. 2018).[7]

**V. Conclusion**

For the reasons stated above, the Court concludes that Select never tolled the statute of limitations under New York law. It therefore finds that Select interposed its claims against Verisk only when Verisk waived the need for service of the summons on March 11, 2025, and that is the correct date for limitations purposes.

By October 28, 2026, the parties shall file letters setting forth which claims are barred by the statute of limitations, using March 11, 2025 as the appropriate date. The Court notes that this analysis may affect the upcoming personal-jurisdiction hearing because "Select must establish personal jurisdiction over Verisk 'with respect to *each* claim asserted.'" *Sterling Select II Advisory*, 2026 WL 2199730, at *7 (quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004)).

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 210.

SO ORDERED.

Dated: October 14, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

[7] Select also briefly contends that Verisk gave up this argument when it waived service of the summons. Select Opposition at 6. But Select cites no authority supporting this theory of waiver, to which it devotes a mere two sentences of briefing. *See id.* Moreover, Verisk simply signed the standard waiver form, which relinquished any rights to challenge the contents of the summons or to assert that Verisk never received a summons—but which said nothing about the timeliness of Select's claims. In other words, while Verisk may not now argue that it was never properly served, it *can* contend that Select's claims were untimely, using the date on which it waived service as the moment when Select finally interposed its claims.