UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STERLING SELECT II ADVISORY, LLC,<br><br>Plaintiff,<br><br>-v-<br><br>ARGUS INFORMATION AND ADVISORY SERVICES, INC. and VERISK ANALYTICS, INC.,<br><br>Defendants. | : | 23 Civ. 2939 (JPC)<br><br><u>OPINION AND ORDER</u> |

JOHN P. CRONAN, United States District Judge:

The Court has scheduled an evidentiary hearing for November 9, 2026, to determine whether it may exercise personal jurisdiction over Defendant Verisk Analytics, Inc. ("Verisk"). *See* Dkt. 208. That analysis will hinge on whether Verisk took certain acts in New York and whether Defendant Argus Information and Advisory Services, Inc. ("Argus") served as Verisk's agent. *See Sterling Select II Advisory, LLC v. Argus Info. & Advisory Servs., Inc.*, No. 23 Civ. 2939 (JPC), 2026 WL 734047, at *13-14 (S.D.N.Y. Mar. 16, 2026). To answer those questions, Plaintiff Sterling Select II Advisory, LLC ("Select") seeks to call several witnesses. *See* Dkt. 207. After the Court directed Defendants to advise whether they consent to any proposed witnesses, Dkt. 208, Argus and Verisk objected to five of Select's seven witnesses, Dkts. 221 ("Argus Objections"), 222 ("Verisk Objections"). Select responded to these objections on October 15, 2026. Dkts. 230 ("Response to Verisk"), 231 ("Response to Argus"). Argus and Verisk then replied in further support of their objections on October 19, 2026. Dkts. 233 ("Argus Reply"), 234 ("Verisk Reply"). As discussed below, Defendants' objections are overruled.[1]

[1] Select does not object to the Court receiving testimony from any of Argus's or Verisk's anticipated witnesses at the November 9, 2026 hearing. Dkt. 223.

For its part, Argus objects to the testimony of (i) Lisa Bonalle, the former Group Chief Executive Officer ("CEO") and President of Verisk Financial Services; (ii) Joshua Bedell, the current Vice President of Enterprise Strategy at TransUnion (and a former employee of Argus); and (iii) Nana Banerjee, the former President of Argus. Argus Objections at 2-3. Argus generally contends that Select already deposed Bonalle and Bedell, *id.* at 2-3, and that Banerjee does not possess any relevant information, *id.* at 3-4.[2]

Neither of Argus's arguments convinces the Court that these witnesses should be excluded. First, Argus cites no precedent supporting the theory that a prior deposition relieves a witness from having to testify in the future. Indeed, the entire point of an evidentiary hearing is to allow the Court to assess the credibility of live witnesses, regardless of whether they have previously been deposed. *See Wilmington Tr. N.A. v. Lincoln Benefit Life Co.*, No. 25 Civ. 4357 (NSR), 2026 WL 2168407, at *5 (S.D.N.Y. July 27, 2026) ("Resolving these competing narratives necessarily requires determinations concerning witness credibility and the weight to be afforded the documentary evidence—determinations that are generally inappropriate on a paper record alone." (discussing personal jurisdiction)). And as the Court explained at a previous conference, the pending motion to dismiss on personal-jurisdiction grounds turns on just such "classic credibility determination[s]," which a court "can make only at an evidentiary hearing." Dkt. 205 ("July 20, 2026 Tr.") at 4:20-22.[3]

---

[2] Argus also contends that "it would be patently unfair" to compel Banerjee to testify because Select did not previously depose him. Argus Objections at 4. But Argus cites no caselaw suggesting that parties at personal-jurisdiction hearings must preclear witnesses by deposing them in advance. Furthermore, Argus's internally contradictory arguments would appear to put Select in a Catch-22: Argus simultaneously contends that Select may call only witnesses whom it previously deposed *and* that if Select previously deposed a witness, it may not call him.

[3] For instance, while Argus contends that none of the three witnesses ever worked at Verisk, *see* Argus Objections at 2, Select controverts that fact, *see* Response to Argus at 2. Only a hearing will allow the Court to clear up this dispute.

Second, while Argus insists that Banerjee will not provide any important information, it expressly concedes that Select *has* pointed to "one purported [relevant] fact involving Mr. Banerjee," *i.e.*, that he allegedly "once handed [Select's managing partner] a business card bearing the Verisk Analytics name." Argus Objections at 4. The Court is thus satisfied that Bonalle, Bedell, and Banerjee all have potentially relevant information to share, and accordingly refuses to exclude their testimony.[4]

Meanwhile, Verisk objects to the calling of Lee Shavel and Scott Stephenson, who are Argus's current and previous CEOs. Verisk Objections at 1-2. Verisk invokes the so-called apex doctrine, which "safeguard[s]" high-ranking executives from having to testify unless they possess "unique evidence[ and] personal knowledge of the claims at issue," and "other witnesses are incapable of providing testimony about the conduct alleged." *Harapeti v. CBS Television Stations Inc.*, No. 21 Misc. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) (internal quotation marks omitted). Select counters that Shavel and Stephenson possess just such evidence: in Select's telling, Shavel personally "reviewed, considered, and approved agreements" between Select and Argus, and Stephenson directly orchestrated some of Argus's activities. Response to Verisk at 1.

The Court agrees with Select. The apex doctrine does not provide an automatic shield against all CEO testimony; rather, "[h]ighly-placed executives are not immune from discovery," and "the mere fact that the executive has a busy schedule or claims no unique knowledge of relevant facts" is not "a basis for foreclosing otherwise proper discovery." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (internal quotation marks omitted). Here, Select claims that Shavel and Stephenson have relevant information to share. *See* Response to Verisk at 1-2. Select is entitled to "test[]" that theory at a hearing. *Scott*, 306 F.R.D. at 122 (internal quotation marks omitted).

[4] At the hearing, the Court will, of course, police Select's questioning and cut off any line of inquiry that veers toward the irrelevant.

Verisk responds to this simple proposition in two ways. First, it insists that Select is misrepresenting the real situation by relying improperly on the "self-serving declaration of its own managing partner, Christopher Steele," which is in turn based on hearsay. Verisk Reply at 1. But the Court has scheduled the evidentiary hearing precisely to assess such issues. *See* July 20, 2026 Tr. at 4:18-22 ("Verisk disputes whether what Select's managing partner, Christopher Steele, said under penalty of perjury is true, yet that is a classic credibility determination that [the Court] can make only at an evidentiary hearing."). And if Verisk is concerned that Steele's knowledge of Shavel's and Stephenson's role is based on hearsay—which "cannot establish jurisdictional facts," Verisk Reply at 1—that is simply another reason why the Court *must* call Shavel and Stephenson themselves, so that they can offer direct, non-hearsay evidence.

Second, Verisk insists that Select should have first deposed former Verisk employee David Shillingford—who allegedly suggested that Stephenson had some control over Argus, *see* Response to Verisk at 1—before deposing Shavel and Stephenson themselves. Verisk Reply at 1. But Select does not claim that Shillingford knew *the same information* as Shavel and Stephenson; instead, Select argues that Shillingford's email messages reveal that Shavel and Stephenson themselves might have uniquely relevant information. Response to Verisk at 1.

In sum, the Court will monitor the witnesses' testimony by overseeing questioning at the hearing—not by muzzling that testimony altogether. This approach makes sense: when a court holds an evidentiary hearing, a plaintiff may no longer rely on its pleadings and must instead "prove the existence of [personal] jurisdiction by a preponderance of the evidence." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (internal quotation marks omitted). Because the Court must afford Select every chance to make that showing, it declines to exclude even potentially borderline evidence. *Cf. APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[C]ourt[s] should take care to give

the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." (internal quotation marks omitted) (discussing subject-matter jurisdiction)).

For the reasons stated above, the Court overrules Defendants' objections and permits Select to call Lisa Bonalle, Joshua Bedell, Nana Banerjee, Lee Shavel, and Scott Stephenson at the November 9, 2026 hearing.

SO ORDERED.

Dated: October 22, 2026
New York, New York

JOHN P. CRONAN
United States District Judge